## Flanders v. McClanahan.

**Parties:** IN ACTION TO QUIET TITLE. In a proceeding to quiet title and to correct a misdescription of the premises running through the deeds of several prior grantors, such grantors, or, if dead, their heirs, should be made parties to the action.

### Appeal from Clayton District Court.

### Tuesday, May 12.

PROCEEDING under section 3602 of the Revision by the plaintiff, who claims title and is in possession of certain real estate, to require the defendants, who claim an adverse interest therein, to bring an action to try the title. The facts are sufficiently stated in the opinion. The defendants appeal.

*Elijah Odell* for the appellants.

*Reuben Noble* for the appellee.

COLE, J.—In January, 1867, the plaintiff filed his petition. The petition avers, that plaintiff is the owner of the fee simple title to certain real estate (the description of which is set forth), and is in possession thereof; that he is credibly informed and be-

PARTIES:
in action to
quiet title.

lieves that the defendants make some claim to said premises adverse to the estate of plaintiff. The petition asks that defendants be notified to show cause why they shall not bring an action to try their alleged title. At the January Term, both parties appearing in court, by their attorneys, the defendants were, by order of court, required to show cause; and, on motion of defendants, they were given thirty days in which to file their answer and to serve copy on plaintiff's attorney.

Within the time allowed, the defendants filed their answer, averring that they are the owners of the fee simple title to the real estate described; that they acquired the same by purchase of one George W. D. Eastman, who was the owner of it at the time of their purchase; that the same was conveyed to them by deed of general warranty, a copy of which is annexed to the answer; "defendants further say, that it would be a great piece of injustice to compel them to bring an action to quiet the title to their land, and make a large bill of costs and expense for them to pay, when the title to their land is a perfect fee simple title."

At the May Term, 1867, the parties appeared by their counsel, and submitted the case upon petition and answer; the court adjudged, "that the defendants' showing in their answer is sufficient to excuse them from bringing their action, and they are discharged with their costs."

Afterward, and on the 30th day of August, 1867, the plaintiff filed in the clerk's office an "equitable reply to defendants' answer," in which he avers, that in June, 1859, Lewis Sturms sold to George W. D. Eastman certain real estate, other than that in controversy, describing it; that in executing the conveyance, by mistake in the description, the land in controversy was conveyed; that under that conveyance Eastman took possession of the land he purchased, and not that included in his deed;

that in August, 1861, Eastman sold the land he bought of Sturms to the defendants, and being still ignorant of the mistake in the description contained in his deed, conveyed the land to defendants by the same description, supposing he had conveyed the land he sold to them, and not the land in controversy; that the defendants took possession of the land they bought of Eastman, and not that described in their deed; that in 1864, Eastman died, leaving several heirs, who are named and made defendants. The plaintiff then further avers, that in 1866, Sturms sold and conveyed the property in controversy, by correct description, to John Carty; that shortly thereafter, and in the same year, Carty sold and conveyed the property to George B. and Alexander McCana, who immediately thereafter sold and conveyed to plaintiffs. Copies of the several deeds are annexed to the pleading. It is then averred, that each purchaser took possession of the property and occupied the same pursuant to their successive purchases. The pleading concludes with a prayer for the correction of the several deeds and for the quieting of plaintiff's title.

By an order of court, both parties being present by their attorneys, the heirs of Eastman were made defendants and sixty days given them to answer the reply of plaintiff, and the cause was continued.

At the succeeding term, the defendants filed a demurrer to the equitable reply for the following causes:

"1. That said reply or petition does not state facts sufficient to constitute a cause of action.

"2. That said reply or petition states some facts which avoid the cause of action.

"3. That there is a defect of parties, in that the heirs of Lewis Sturms are not made parties defendant; nor are the heirs of John Carty, nor George B. and Alexander McCana made parties defendants."

HARVARD
LAW SCHOOL
LIBRARY

Flanders v. McClanahan.

This demurrer was overruled and judgment entered for plaintiff, correcting the mistake in the decription of defendants' deed, so as to make it convey the land alleged by plaintiff to have been sold by Sturms to Eastman, and by Eastman to defendants, instead of the land claimed by plaintiff, and the defendants were forever barred from setting up an adverse title by reason of the mistake, and plaintiff's title was quieted.

The proceedings in this case are anomalous, and we have set out the facts more fully than usual in order to present with clearness the points determined. There was no exception to the order of the court· excusing the defendants from bringing their action to try the title and discharging them with costs, and hence no question as to its correctness is presented for our decision. Several months after the judgment discharging the defendants was rendered, the plaintiff files a pleading entitled an "equitable reply to defendants' answer." The defendants appear to this pleading without notice or service, and, treating it as a "reply or petition," they demur to it.

It will be observed from the demurrer, which is copied above, that no question is made as to the form of the pleading, or that the matters therein set up could only regularly and properly be set up by petition or amended petition. But the demurrer is directed to its want of substance and of necessary parties. That the facts set forth are sufficient to constitute a cause of action, can hardly be questioned. There was no error in overruling the demurrer as to the first and second causes specified. As to the third cause, so far as it relates to Lewis Sturms, the grantor from whom the title is claimed by both parties, the demurrer should have been sustained. This ruling is based upon the fact, that the plaintiff's reply or pleading asks (and that upon averments justifying it) that the mistake in the deeds made by Sturms and East

man be corrected; and the decree is in accord with the prayer. This could not be done without having Lewis Sturms, the grantor, before the court.

To show that he is a necessary party, we need only to look to the effect of the judgment in this case. The description in the deeds by Sturms to Eastman, and by Eastman to the defendants, is struck out, and by the decree a new description is inserted. If the title to the land embraced in the new description shall fail, the defendants would have no remedy whatever against Sturms, for the reason that he never made any conveyance of such land to them or their grantor. Nor could the defendants deduce title to the land down to themselves, for the reason that Sturms never conveyed the land embraced in the new description to any one; the title thereto, for aught that appears, is still in him or his heirs; and the decree in this case cannot divert him or them of the title, for the very plain reason that they are not parties to the action. Nor does it seem practicable to afford proper and full relief to the plaintiff as asked, or to determine the controversy between these parties without prejudice to the rights of others, and hence Sturms or (if he is dead) his heirs should be brought in. Rev. § 2765.

Upon the point made by appellants' counsel as to affording relief upon the averments of a reply, we remark that it is not necessary for us to determine it now. But it is proper, however, further to remark, that the defendants made no objection to the form of the pleading, but in fact treated it as a "reply *or petition.*" No motion was made to strike it from the files, or otherwise to attack it, except for its sufficiency of statement, to which it was not vulnerable. See *Coates & Patchin* v. *City of Davenport,* 9 Iowa, 227; *Donophin & Hughes* v. *Street,* 17 id. 317. The judgment, however, must be reversed, for the reason that Sturms was not made party (or if dead, his

heirs). The grantors of plaintiff are neither necessary nor proper parties. On the return of the cause to the District Court, plaintiff will have leave to replead, and may state his cause of action by way of amendment to his petition, or as he shall be advised, and defendants will have like leave.

Reversed.