## CASPER BAEHLER v. THE CONSOLIDATED RANCH COMPANY OF KANSAS CITY.

SPECIAL FINDINGS, *Failure of Jury to Make, Error.* Where the principal question of fact in a case is the value of a certain cellar, or silo, and evidence is introduced with respect to its value, and a special question is submitted to the jury, asking the jury to find its value, and the jury, by their general verdict, find in favor of the plaintiff and against the defendant, and assess the amount of his recovery at $1, the effect of which general verdict, together with certain special findings, is to place the value of the cellar, or silo, at at least $1,293.53, and the jury, in response to said special question as to the value of the cellar, or silo, answer, "Don't know," and the plaintiff objects to the answer, and asks the court to require the jury to answer the special question more fully and definitely, and objects to the discharge of the jury until they do answer fully and definitely, and the court overrules the objections, and receives the verdict and special findings, and discharges the jury, to which the plaintiff excepts, and the plaintiff then files a motion for a new trial, which the court overrules, and renders judgment in favor of the defendant and against the plaintiff for costs, notwithstanding the general verdict, *held,* that for the failure of the jury to make a proper finding with regard to the value of the cellar, or silo, and for the failure of the court to require the jury to do so, the plaintiff should be granted a new trial.

### *Error from Leavenworth District Court.*

AT the September Term, 1883, the court overruled the motion of plaintiff *Baehler* for a new trial, and gave the defendant *Ranch Company* a judgment against him for costs. This ruling and judgment he brings here. The opinion states the facts.

*H. W. Ide,* for plaintiff in error.

*Lucien Baker,* and *J. H. Gillpatrick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Casper Baehler sued the Consolidated Ranch Company of Kansas City, to recover a balance which he claimed was due him for work, labor and materials furnished in the construction of a stone cellar, or silo, for the company. The case was tried by the court and a jury, and

the jury found a general verdict in favor of the plaintiff and against the defendant for $1, and made certain special findings of fact. From the special findings of fact, it appears that the plaintiff was to construct two cellars, or silos, for the defendant, for which he was to receive as compensation, either $3,100 or $3,130; that he constructed only one; that that one was not constructed in accordance with the contract, nor in a good, workmanlike manner, nor with good mortar fit for such construction. The defendant paid the plaintiff, during the prosecution of the work, $1,592.53, and released the plaintiff from building the second silo, and agreed to pay the plaintiff $300 for not constructing the same. The jury were also asked to state the value of the silo which the plaintiff constructed, in the following words, to wit: "State the value of the silo on the said farm, taking in consideration the manner in which, and the materials of which, it was built." The jury answered, "Don't know." The plaintiff objected at the time to all the questions propounded to the jury, and afterward both parties objected to the answers as given, and asked the court to require the jury to answer all the questions fully and definitely, and objected to the discharge of the jury until such questions were answered fully and definitely; but the court overruled all the foregoing objections, received the verdict and special findings, and discharged the jury, to which both parties at the time excepted. Each party then filed a motion for a new trial, and the defendant also filed a motion for judgment on the special findings of the jury. The court sustained the latter motion, and overruled the plaintiff's motion for a new trial; and the defendant then withdrew its motion for a new trial, and the court rendered judgment upon the special findings of the jury, in favor of the defendant and against the plaintiff, for costs; and the plaintiff, as plaintiff in error, now seeks to have such judgment reversed by petition in error in this court.

None of the evidence introduced on the trial, nor any part of the instructions given by the court to the jury, has been brought to this court; but the parties have agreed, as shown

by the case made and brought to this court, that "there was evidence *pro* and *con* at the trial to each question so submitted" to the jury. Hence all the questions so submitted to the jury should have been answered fully, fairly and definitely by the jury. The burden of proof, of course, rested on the plaintiff; and in order to entitle him to recover anything, it was necessary for him to prove affirmatively the facts of his case. Now supposing that the defendant did not suffer any damage by reason of the silo being constructed in the manner in which it was constructed, and supposing that the sum of $300 of the $1,592.53 paid by the defendant to the plaintiff was paid in order to induce the plaintiff not to build the second silo; still, in order to enable the plaintiff to recover anything from the defendant, it was necessary for the plaintiff to show affirmatively that the silo constructed by the plaintiff was actually worth more than $1,292.53. Did the plaintiff show this? From the findings of the jury, and the action of the court below thereon, it would seem that he did not. It is true the jury found a general verdict in favor of the plaintiff for $1, thereby saying in effect that the silo was worth $1 more than $1,292.53; or possibly that it was worth $1 more than all that the defendant had paid for it, whatever that sum might be, and all damages sustained by the defendant. But in their special findings they said in substance and unmistakably that they did not know what the silo was worth. Upon these apparently conflicting findings we do not think that the plaintiff was entitled to a judgment in his favor—nor did he ask it; but he did ask to have the findings made more complete, and afterward moved for a new trial; and the only questions now involved in the case are, whether he was entitled to have the findings made more complete, and, failing in that, to be granted a new trial.

We think both parties were entitled to have the findings of the jury made more complete. The question as to the value of the silo was one of the most important questions of fact in the case. Indeed, it was the most important contested

question of fact, and the parties were entitled to know what the silo was worth. The parties have agreed that "there was evidence *pro* and *con* at the trial to each question" submitted to the jury, and hence it cannot be said that there was no evidence introduced to prove the value of the silo. Now if the jury had found that the silo was worth $1 more than $1,592.53, and possibly if they had found that it was worth $1 more than $1,292.53, a judgment should have been rendered in favor of the plaintiff and against the defendant for the $1, as found by the jury in their general verdict; and, of course, if the jury had found that the silo was *not* worth more than $1,292.53, then the judgment should have been rendered in favor of the defendant and against the plaintiff, as it was rendered.

We think, for the failure of the jury to make a full and definite finding with regard to the value of the silo, and for the failure of the court to require them to do so, the plaintiff was entitled to a new trial.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.

