## Margaret E. Dorman

*v.*

## Lulu V. Brereton.

*Filed at Ottawa January 18, 1892.*

1. PARTIES—*in chancery—all persons in interest must be made parties.* The owner of a tier of lots numbered from north to south, by mistake, supposing the lots to be numbered from south to north, conveyed lot 7 instead of lot 2, and the grantee conveyed the lot by the same number to the complainant, who filed her bill against the original owner for the correction of the description in the deeds: *Held,* that the intermediate owner of the lot was a necessary party.

2. And when the owner afterward conveyed to B lot 2, instead of lot 7, by a like mistake, and afterward procured a conveyance from him of lot 2, it was also *held,* that B was a necessary party to the bill, as well as the holder of a mortgage given upon lot 7, intended for lot 2.

3. All persons who have any substantial interest in the subject matter, and whose rights are to be materially affected by the decree, must be made parties, except when they are very numerous and scattered, so as to settle all their rights and equities, and thus avoid a multiplicity of suits.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

In this action, appellee, by bill in chancery in the court below, sought to have her title established to a certain lot in a subdivision in Kedzie's addition to Ravenswood. The bill alleges that she is the equitable owner of sub-lot 2, etc., which she purchased from one Miles J. Herndon, October 14, 1889, but who, by mistake, conveyed to her lot 7, instead of lot 2; that the mistake occurred in the following manner: Appellant owned a tier of lots numbered from 1 to 8, inclusive, and on July 22, 1889, conveyed numbers 7 and 8 to said Herndon, intending, however, to convey numbers 1 and 2; and on September 18, 1889, she conveyed to one George F. Alford the remaining lots, numbered 1 to 6, inclusive, but intending to convey those numbered 3 to 8, inclusive, all parties, at the

time of the making of the deed from Herndon to complainant, supposing the eight lots were numbered from south to north, whereas they were in fact numbered from north to south. · It is then alleged that complainant took possession of said lot 2, and continued in possession thereof until about March 10, 1890; that the defendant, Dorman, knowing that said several mistakes had been made, and taking advantage of her own mistake, procured a conveyance of said lots 1 and 2 from said· Alford to one John B. Skinner, in trust for herself, in order to give the transaction the appearance of a conveyance to an innocent purchaser, and that said Skinner, on April 7, 1890, conveyed the same to her. The bill then offers to convey, by special warranty deed, to said Dorman, lot 7, on receiving a similar deed from her to lot 2. The remaining allegations of· the bill relate to the possession of lot 2 by the defendant after March 10, 1890, and the rents of the same. Said Margaret E. Dorman, and her tenant, Richard J. Mahoney, were alone made defendants to the bill, and the prayer is, that said Dorman be decreed to convey to complainant said lot 2, and that in default of her doing so, some master in chancery of the court be directed to make such conveyance.

To this bill appellant filed a general and special demurrer, for want of equity and for want of necessary parties, but the demurrer was overruled, and she thereupon filed her answer, which, in substance, denied all the material allegations in the bill, and set up that she had expended $500 in removing from said lot 2 mechanics' liens upon the building thereon. The decree finds the facts substantially as set forth in the bill, and orders that the defendant, Dorman, within five days, convey to the complainant, by special warranty or quitclaim deed, the legal title to said lot 2, and that in case of her refusal or failure so to do, A. F. Stephenson, master, etc., make such conveyance. Other portions of the decree direct the receiver to pay rents in his hands to the complainant, and that Mahoney pay future rents to her.

Mr. CHARLES T. FARSON, for the appellant:

The bill is fatally defective for want of necessary parties. 1 Daniell's Ch. Pr. 190, 246 ; *Spear* v. *Campbell,* 4 Scam. 424 ; *Scott* v. *Bennett,* 1 Gilm. 646 ; *Prentice* v. *Kimball,* 19 Ill. 320 ; *Bruff* v. *Leder,* 5 Gilm. 210 ; *Gerard* v. *Bates,* 124 Ill. 150.

Mr. J. D. KEDZIE, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

As between the parties to this bill, the evidence fully warranted the decree rendered, but there is an insuperable objection to its affirmance in the fact that other parties, shown to have substantial legal rights in the subject matter of the litigation, were not made parties to the bill. The complaint on which the right to relief in equity is based, is the mistake of complainant's grantor, Herndon, in misdescribing the property intended to be conveyed, and by the well-settled rules of equity pleading he is a necessary party. The fact that he was led into the mistake by the act of appellant in misdescribing the same property in her deed to him, and that she afterwards, with knowledge of the mistake, repossessed herself of the legal title thereto, are material allegations in the bill, for the purpose of showing that she is not an innocent holder of that title, but do not dispense with the necessity of making Herndon a party defendant. Before a court of equity can conclude him by a decree finding that he made the mistake alleged, he must have an opportunity to be heard. So, also, the decree materially affects the rights of George F. Alford. The bill shows that he became seized of the legal title of said lot 2, and it is fairly inferable from the allegation as to how appellant regained the title from him, that he, in conveying to her, supposed he was deeding lot 7, and not lot 2. Certainly he is entitled to his day in court before a decree can pass against him finding that he obtained the title to lot 2 by mis-

take, and before he can be held to have parted with that title when he supposed he was conveying a different lot.

That all persons who have any substantial interest in the subject matter, and whose rights are to be materially affected, must be made parties in a proceeding in chancery, is an inflexible rule, the only exception to which is, "when they are very numerous and so scattered that their names or residence can not be ascertained without great difficulty." The reason of the rule is, that without all such persons before the court a complete decree can not be rendered and a multiplicity of suits avoided. True, in this case the proof of the several mistakes alleged in the bill, and of the fraudulent conduct of appellant, is so clear and convincing that with the additional parties the result will doubtless be the same; but these considerations can not justify the violation of elementary rules of chancery pleading and practice.

The court below erred in overruling the demurrer to the bill for want of necessary parties, and rendering the decree vesting the legal title to lot 2 in appellee, without having before it all the parties in interest.

It was also developed on the hearing that a mortgage had been executed on lots 7 and 8, which was intended by the parties thereto as an incumbrance on lots 1 and 2, which remains unsatisfied, and therefore by the decree below, if carried into effect, appellee would get her lot free from that incumbrance, leaving it to be borne by lot 7. On another hearing the holder of that mortgage should also be made a party to the bill, and his rights determined.

The decree of the Superior Court will be reversed, and the cause remanded, with leave to the complainant to amend her bill making new parties, and to appellant to amend her answer, if she so desires, and with directions to the Superior Court to proceed in the cause as herein indicated.

*Decree reversed.*