JAMES W. TUFTS v. L. D. MABIE.

**No. 346.**

ACCEPTANCE *of Goods Sold—Right to Rescind, Waived When.* The defendant bought of the plaintiff a soda-fountain. Upon receipt of one tendered as performance of the contract, he discovered that it did not fill the description therein. He set it up and used it for four months, but refused payment, claiming the right to return the property for the reason that it was not the article purchased and that he held it subject to the plaintiff's order. *Held,* That the continued use, after knowledge of the deficiency, was an acceptance, and was inconsistent with this claim, and the plaintiff was entitled to recover the contract price, less any damages occasioned by difference in value between the article sold and the one delivered.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed May 4, 1898. Reversed.

*Getty & Hutchings,* for plaintiff in error.

*Sheridan & Sheridan,* for defendant in error.

9—7 KAN. APP.

The opinion of the court was delivered by

MAHAN, P. J. : The plaintiff in error sued the defendant in.error to recover the price of a soda-fountain and appurtenances sold by plaintiff to defendant upon a written order. The plaintiff delivered a soda-fountain and appurtenances on May 28, 1894. The defendant contends that it was not the soda-fountain contemplated by the order ; that he refused to accept it upon inspection ; and, upon discovering that it was not the fountain ordered, notified plaintiff through his agent that the fountain delivered was not the fountain ordered, and that he held it subject to plaintiff's order. The evidence of the defendant shows that, after he discovered that the fountain delivered was not the one ordered, he set it up in his store and used it until the first trial of this case in the justice's court — a period of over three months. In this he exercised the rights of an absolute owner, adverse to the right of ownership in the plaintiff.

The case was tried in the district court to a jury, and resulted in a general verdict for the defendant. The jury, in addition, made special findings. The first finding is that the defendant did not order a soda-fountain from the plaintiff by written order. About this fact there was no dispute. The defendant admitted making the order and its acceptance. To the question, "Did the plaintiff accept such order ?" the jury answered "Yes." To the question, "Did the plaintiff deliver said fountain to the defendant according to the terms of said written order ?" the jury answered "No." To the question, "If you answer the previous question in the negative, state in what manner it failed to comply with the written order," they answered, "They sent combination faucet in place of eight sepa-

rate syrup valves." To the question, "Did the defendant receive the fountain, set it up, and use it?" the jury answered "Yes." To the question, "When did the defendant discover that the fountain delivered to him was not such as was ordered, if he ever did discover such to be the fact?" the jury answered, "Two days after receiving it." To the question, "Did the defendant continue to use the fountain so delivered to him after finding that it was not such as he ordered, if he did so find out?" the jury answered "Yes." To the question, "How long did he continue to use said fountain after discovering defect, if he did discover any defect?" the jury answered, "About three months."

The plaintiff moved for a judgment on the special findings of the jury, notwithstanding their general verdict, which motion the court denied. The plaintiff likewise moved the court to set aside the general verdict and findings, and to grant him a new trial. This motion was also denied by the court.

The plaintiff asked the court to instruct the jury as follows:

"1. The purchaser of an article of personal property can, when the same is delivered to him or when he discovers that the article delivered is not such as purchased, refuse to accept, rescind the contract of purchase, and return the article delivered; but said purchaser must, immediately upon discovering that the article delivered is not such as purchased, notify the seller that he elects to rescind the contract and tender back the article delivered; and if he fails to do this, and exercises any act of ownership over it, he loses his right to rescind, and must pay for the article delivered.

"2. If you find from the evidence that the defendant purchased from the plaintiff the soda-fountain and other articles set out in plaintiff's bill of particulars,

that plaintiff delivered to him a soda-fountain and other articles, and that said defendant accepted said fountain, set it up, and used it in the regular course of business until he was sued for the purchase-money three months from its receipt, then you are instructed that he cannot rescind the contract of purchase, although said fountain so delivered was not such as he ordered and expected to get, providing that the defect or difference was such that he could and did discover it before he set it up and used it, and your verdict should be for the plaintiff.''

These requests were refused by the court, and a judgment was entered for costs to the defendant.

The plaintiff in error, in his brief, assigns for error, (1) the erroneous admission of evidence; (2) the giving by the court of erroneous instructions to the jury; (3) the refusal to give the instructions heretofore recited; (4) the refusal to set aside the general verdict and render judgment on the special findings; and, (5) the refusal to grant plaintiff a new trial.

As to the first assignment, we do not see that any material error was committed in the introduction of evidence. It was competent for the defendant to prove that the fountain tendered was not the one ordered or of the kind ordered, and this is as far as the evidence goes.

The instructions given by the court were applicable to the contention of the defendant and stated the law correctly upon that contention.

But the court did err in refusing the second request of the plaintiff for instructions to the jury. It seems to be the well-settled rule of law, that where a party agrees to buy an article of personal property, and a different article is tendered from that bought, such tender is not a compliance with the contract, and the

Tufts v. Mabie.

purchaser may refuse to accept the article.   It is likewise true that he has a right to inspect the property, and, if use is necessary to determine whether the property is such as is contemplated in the contract, he may have a reasonable length of time to use it to determine that fact.   But if he discovers the defect, or discovers the fact that the article is not that which he purchased, it is his duty to immediately notify the seller and advise him that he refuses to accept it, and holds the property subject to his order.   If, after discovering the fact that the property is not that which is contemplated by the contract, he makes use of it as though it were his own, this means an acceptance ; and he cannot thereafter rescind, or be heard to say that there was no delivery.   In such case a purchaser has two courses open to him.   He may either reject the goods, or accept the goods and recoup his loss by way of counter-claim in an action for damages for breach of the contract.   But he cannot use the property — exercise dominion over it the same as if it were his own — after he discovers that it is not what he bought, and still insist upon a rescission of the contract for the reason that the tender of performance does not comply with the terms of the contract upon the part of the seller.   The third assignment of error must therefore be sustained.

It follows that the judgment must be reversed, and the case remanded with direction to the district court to grant the plaintiff's motion for a new trial, to be had in accordance with the principles herein announced.