THE HALLWOOD CASH REGISTER COMPANY v. JOHN C. DAILEY *et al.*

No. 13,882.    (79 Pac. 158.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Parties.*    A defendant that was in default and did not appear and take part in the proceedings in the court below is not a necessary party to the petition in error in this court.

2. ——— *Review of Instructions—Brief.*    Paragraph 3 of rule 10 of this court provides that, when the assigned error relates to in-

structions given or refused, the instructions shall be set out in full in the brief of the party complaining. A disregard of this rule will prevent a review of alleged errors respecting such instructions.

3. PRACTICE, DISTRICT COURT—*Rescission of Contract—Finding by Jury.* In an action to recover the purchase-price of a cash-register it was a material question whether defendant had used the register for an unreasonable time after discovery of defects in it for which he rescinded the contract and notified the seller. Particular questions of fact were submitted to the jury, requiring them to find how long the purchaser had used the register after discovery of its defects. The jury answered: "We do not know." *Held,* that the court erred in not requiring the jury to answer such question specifically, when requested so to do.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed January 7, 1905. Reversed.

*J. C. Petherbridge,* and *George W. Littick,* for plaintiff in error.

*John T. O'Keefe,* for defendants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J. : This was an action brought by the Hallwood Cash Register Company to recover from Frederick Schroeder and John C. Dailey, as partners, the amount of eighteen promissory notes of ten dollars each, with interest, executed by the latter to plaintiff in error, as part of the purchase-price of a cash register. Five additional notes were given and paid. Defendant Daily answered alleging that there were defects in the cash register which rendered it useless for the purpose for which it was bought, praying judgment against plaintiff below for $110, the amount paid to it before the defects were discovered. Dailey alleged that his copartnership with Schroeder had been dissolved, and that the latter had disposed of all interest in the partnership to him. Schroeder made default.

Hallwood v. Dailey.

A trial by jury was had, resulting in a verdict in favor of Dailey against the cash register company for $110, on which judgment was entered. It has come here assigning error. Counsel for defendant in error ask for a dismissal of the petition in error because Schroeder was not made a party, nor was the case-made served on him. He "did not appear at the trial and take part in the proceedings," for which reason, under section 5020, General Statutes of 1901, he was not a necessary party. (*Haas v. Tough*, 67 Kan. 253, 255, 72 Pac. 856.)

Two of the assignments of error relate to the refusing of twenty-two instructions requested by plaintiff below and refused by the court, and to the giving of seven instructions tendered by defendant. None of these instructions is set out in the brief of plaintiff in error. Clause 3 of rule 10 of this court requires :

"When the error alleged relates to instructions given or refused by the court or to a ruling on the sufficiency of the petition or other pleading, or of an affidavit or the construction or effect of a contract or any document, order, entry, or paper, the instructions given or refused, the pleading, contract, document, order, entry or paper shall be set out in full."

This rule was ignored entirely by counsel for plaintiff in error, and for that reason any errors committed respecting the instructions given or refused will not be considered.

Plaintiff below contended that Dailey was in no position to refuse payment of the purchase-money notes for the reason that after he discovered the defective condition of the register he continued to use it for several months. The following particular question of fact was asked and answered by the jury :

"Ques. 2. Did the defendants keep the register and use it in their place of business after the defendant

Hallwood v. Dailey.

Dailey claims to have discovered that it could be manipulated to his detriment by dishonest people, and he notified the plaintiff that he would rescind the contract?  Ans. Yes.''

The following questions and responses were returned by the jury with their general verdict :

''Ques. 1. When did the defendant Dailey discover that the register was not such as was ordered, if he did discover such to be a fact?  Ans. We do not know.''

''Q. 3. How long did the defendants continue to use the register after the defendant Dailey claims to have discovered the defect therein, and notified the plaintiff to that effect, and that he would not pay for the register?.  A.  We do not know.''

Counsel for plaintiff below requested the court to instruct the jury to return to their room and answer these questions specifically.   The request was denied. In this the court erred.   ( *Baehler v. Ranch Company*, 31 Kan. 502, 3 Pac. 343.)   The answer to the second question is a finding that Dailey did use the register after knowing its defects, and after notice to the seller. The time of such use was a material consideration in determining whether the conduct of defendant below amounted to a waiver of his right to interpose the defense of rescission of the contract of sale.   ( *Cookingham v. Dusa*, 41 Kan. 229, 21 Pac. 95 ; *Aultman v. Mickey*, 41 id. 348, 21 Pac. 254 ; *Manufacturing Co. v. Moore*, 46 id. 324, 26 Pac. 703 ; *Tufts v. Mabie*, 7 Kan. App. 129, 53 Pac. 84.)   Answers fixing the time of use would have presented the matter sharply to the court as a question of law.

The judgment of the court below is reversed, and a new trial ordered.

All the Justices concurring.