# APPENDIX.

## OPINIONS PER CURIAM.

### CARRIE ZINKEISEN v. OZRO H. LEWIS *et ux.*
No. 13,973.    (80 Pac. 44.)

Error from Anderson district court; CHARLES A. SMART, judge. First opinion filed March 11, 1905. Dismissed. Rehearing allowed May 6, 1905. Second opinion filed November 11, 1905. Reversed.

*William W. Padgett,* and *Flower, Peters & Bowersock,* for plaintiff in error.

*J. G. Johnson,* and *N. L. Bowman,* for defendants in error.

*Per Curiam:* This case is brought here upon a case-made that is not shown to have been served within the time fixed by the statute, or within any valid extension of that time. The judgment complained of was rendered January 29, 1904. At that time ten days were given in which to serve a case. The record presented, after stating this, recites that "thereupon and on the 5th day of January, 1904," an order was made extending the time "thirty days from January 29, 1904." Throughout the record the word "thereupon" is obviously used in the sense of "thereafter," and for that reason cannot be held to be here employed in its ordinary sense, and does not imply that the order was made immediately after the rendition of the judgment. It is evident that the order was not made on the date named—the 5th of January—and for anything that appears to the contrary it may have been made more than ten days after the judgment, in which case it would be without force. The defendants in error have not challenged the sufficiency of the record by motion or otherwise, but as there is nothing before this court to show that it has jurisdiction the proceeding in error is dismissed.

### OPINION ON REHEARING.
(83 Pac. 28.)

*Per Curiam:* An objection is made to the consideration of this case on its merits because several persons who were parties below have not been made parties to this proceeding. As these

persons are shown by the record to have made default in the district court their presence here is unnecessary. Carrie Zinkeisen obtained a judgment against Ozro H. Lewis and Sarah A. Lewis foreclosing a real-estate mortgage executed prior to 1893. An order of sale was issued, under which the property was sold to the plaintiff for $500, on October 19, 1903. On December 31, 1903, the sale was confirmed and a deed ordered. On January 29, 1904, the defendants filed a motion to set aside the confirmation and sale for the reason that the amount for which the land had been sold was grossly inadequate, and stating that they had deposited with the clerk of the court an amount sufficient to pay the judgment and costs—about $1005. The court thereupon vacated the order of confirmation, which had been made at the same term, and set aside the sale. The plaintiff refused to accept the amount of the judgment, and now prosecutes error, insisting upon her right to a conveyance of the property.

No irregularity in the sale was alleged or shown. There was no evidence even that the amount of the bid was inadequate, except as this might be inferred from the fact that about three months later the defendants offered to pay twice as much to save the property. Under the law as it existed when the mortgage involved was made, the sale, having been regularly conducted, vested in the purchaser an absolute right to receive a deed, and the court had no discretion to refuse to confirm it, even upon the payment of the full amount of the judgment and costs.

The order setting aside the sale is therefore reversed and the cause remanded, with directions to confirm it.