BILLY v. UNKNOWN HEIRS OF GRAY, *Deceased,* et al.

No. 2318.  Opinion Filed May 14, 1912.

Rehearing Denied February 11, 1913.

(130 Pac. 533.)

**APPEAL AND ERROR—Necessary Parties—Dismissal.** Where an action was brought by a person claiming to be the sole owner of a tract of land against several defendants to quiet title and to remove cloud therefrom, and a third person intervened, claiming also to be the sole owner of said land and praying for judgment quieting his title, and the judgment rendered decrees plaintiff to be the owner of the title to an undivided half interest in said land and quiets same as against the claims and demands of the defendants named in plaintiff's petition, and decrees the interpleader to be the owner of the title to the other undivided half interest in said land and quiets his title as against the claims and demands of defendants, in the prosecution of an appeal from said judgment by plaintiff, the defendants are necessary parties thereto.

(Syllabus by the Court.)

*Error from District Court, Coal County;*
*A. T. West, Judge.*

Action by Lita Billy against the Unknown Heirs of D. T. Gray, deceased, and others; Benjamin Finley intervener. Judgment for plaintiff and intervener, and plaintiff brings error. Dismissed.

*George A. Trice* and *H. E. Cullom,* for plaintiff in error.

*C. M. Threadgill* and *Fooshee & Brunson,* for defendant in error, Benjamin Finley.

HAYES, J.  This action was originally instituted in the district court of Coal county by plaintiff in error, hereinafter called plaintiff, against the unknown heirs of D. T. Gray, de-

ceased, and W. B. Chism and the Mortgage & Debenture Company, a corporation. Plaintiff alleges in her petition that she is the legal owner in fee simple of the lands described in her petition, and that said lands were patented to one Albert Billy, as his pro rata portion of the lands of the Chickasaw and Choctaw Nations; that the said Albert Billy died intestate, seized of said real estate before statehood, and left plaintiff as his only surviving heir at law. She alleges that defendants claim title and interest in and to said real estate adverse to her rights; that the unknown heirs of D. T. Gray claim title under and by virtue of two deeds, conveying said lands to D. T. Gray; that one of said deeds was executed by Benjamin Finley and the other by one Felin Bean, both of which have been duly recorded. She alleges that defendant Chism holds a pretended deed to said lands, executed by one R. N. Cummings and wife; and that defendant Mortgage & Debenture Company holds a pretended mortgage, purported to have been executed by R. N. Cummings and wife, all of which instruments have been recorded. She alleges the same are wholly void and without effect, and that they constitute a cloud upon her title, and she prays for a cancellation of said instruments, and that the cloud upon her title be removed. All of the defendants were summoned as required by law.

Thereafter, Benjamin Finley, after obtaining leave of court to intervene and be made a party defendant, filed an answer and cross-petition by which he alleges that he is the sole surviving heir of the said Albert Billy, the allottee of the lands in controversy, and alleges that the deed executed by him to D. T. Gray was executed during his minority, and was procured by fraud. He thereupon prays that he have judgment for said lands, and that the conveyances mentioned in plaintiff's petition be canceled as a cloud upon his title. The defendants named in plaintiff's petition failed to answer and made default.

Issues having been joined upon plaintiff's petition and the interplea of Benjamin Finley, now defendant in error, the cause was tried to a jury. The verdict of the jury found facts upon which the court determined that both plaintiff and defendant in error are heirs of the deceased allottee; and that they each in-

herited from said allottee an undivided half interest in the lands in controversy, and the court rendered judgment in favor of plaintiff for an undivided half interest in the lands and quieting her title therein as against the defendants named in her petition, and defendant in error; and by the same judgment decreed that defendant in error is the owner of an undivided half interest in said land, and quieted his title as against defendant and plaintiff. From that judgment plaintiff alone prosecutes this proceeding in error against Benjamin Finley alone as defendant in error. Defendant in error has moved that the cause be dismissed, because defendants in the trial court have not been made parties to this proceeding. The time allowed by statute within which to perfect an appeal from the judgment of the trial court has already elapsed. Every necessary party to an appeal must either make general appearance within the time allowed for appealing from the judgment or final order of a court, or summons must issue within such time and service thereof be had upon the necessary parties, or the appeal will be dismissed. *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937. All parties to an action whose interests will be affected by a reversal of the judgment appealed from are necessary parties to an appeal. *Vaught v. Miners' Bank of Joplin,* 27 Okla. 101, 111 Pac. 214; *Trugeon et al. v. Gallamore,* 28 Okla. 73, 117 Pac. 797; *Siebert v. First Nat. Bank of Okeene,* 25 Okla. 778, 108 Pac. 628.

It is contended by plaintiff in error that the omitted defendants are not necessary parties to the appeal; but with this contention we cannot concur. The judgment which plaintiff seeks to set aside by this proceeding decrees to her, as against defendants, an undivided half interest in the lands in controversy, and quiets her title in said undivided half interest against all the claims and demands of the omitted defendants. It likewise decrees the title and possession to an undivided half interest in defendant in error, and quiets his title thereto against all the claims and demands of the omitted defendants. What plaintiff sought in the court below, and what she seeks now, is a judgment decreeing to her the title to said lands as the sole owner, and quieting the same against all the claims and demands of de-

fendants, and a cancellation of the instruments described in her petition as constituting a cloud upon her title in and to the entire tract of land in controversy. This she hopes to accomplish, either by having the judgment in which the omitted defendants are parties set aside by this court and a new trial granted, or by a rendition in this court of a judgment in her favor upon the record. In either event she seeks to set aside a judgment to which persons not before this court are parties, and a different judgment rendered. If she should accomplish her purpose, and a new trial be granted, the absent persons then, upon a proper showing, might be permitted by the lower court to appear and defend the action against them. At any event, such judgment could not be rendered in this court, or a new judgment rendered in the trial court, without affecting the interests of the absent defendants, and this court is, therefore, without authority to proceed in this cause.

It is urged, upon the authority of *Hallwood v. Dailey,* 70 Kan. 620, 79 Pac. 158, and *Zinkeisen v. Lewis et ux.,* 71 Kan. 837, 80 Pac. 44, 83 Pac. 28, that because defendants defaulted in the court below they are not necessary parties on appeal; but, as heretofore observed by this court, the decisions in the foregoing cases were controlled by a statute adopted in Kansas in 1901, which constitutes no part of the statute adopted from that state into the territory of Oklahoma, and later into this state, and the fact alone that a person has made default in the lower court does not render him an unnecessary party on appeal from a judgment to which he is a party, if by reversal of such judgment his interests will be affected. *Jones v. Balsley & Rogers et al.,* 25 Okla. 344, 106 Pac. 830; *Merrill v. Walters,* 30 Okla. 173, 119 Pac. 1122.

It follows that this proceeding in error must be dismissed, and it is so ordered.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., not participating.