## CROW v. HARDRIDGE.

No. 5403.    Opinion Filed September 22, 1914.

(143 Pac. 183.)

1. **APPEAL AND ERROR**—Parties—Joint Judgment. All parties against whom a joint judgment has been rendered must be made parties to a proceeding in error to reverse such judgment, and a failure to join any of them, either as plaintiff or defendant, is ground for dismissal of the case.

2. **QUIETING TITLE**—Parties. In a suit to set aside one deed on the ground of the minority of the grantor and for fraud in the grantee, and another on the ground that his grantee took title to the land with knowledge of and participating in the fraud, both the grantor and grantee in the second deed are necessary parties to a suit to clear both deeds as a cloud on plaintiff's title and necessary parties in this court to review a judgment granting such relief.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Edmond Hardridge, by his next friend, Robert Grayson, against Lewis B. Malone and Charles Crow. Judgment for plaintiff, and defendant Crow brings error. Dismissed.

*Jay A. Anderson* and *H. E. Smith,* for plaintiff in error.

*James M. Hays,* for defendant in error.

TURNER, J. On January 31, 1911, Edmond Hardridge, an Indian minor, by his next friend, filed his petition in the district court of Okmulgee county, against Lewis B. Malone, seeking to quiet the title to his allotment in the Creek Nation. He alleged he was a minor at the time the deed sought to be set aside was made, and that Malone had acquired said deed by fraud. In his amended petition, in which he makes Crow a party defendant, he alleges that Malone had since deeded the land to Crow, who took the same with knowledge of and participated in the fraud. He prayed that both deeds be set aside. After demurrers filed and overruled, Malone filed separate answer, in effect a general denial, and based his title thereto upon the first deed, which was executed and delivered to him on December 26, 1908, by said Hardridge and his wife. Thereafter Crow filed his separate answer, in effect a general denial, and set forth a deed from Malone to himself, and prayed that his title to the land be quieted. There was trial to the court, and judgment for plaintiff, clearing his title of both deeds, and defendant Crow brings the case here without making Malone a party. Defendant in error has filed his motion to dismiss on the ground that Malone is a necessary party, in that the judgment sought to be reviewed is a joint judgment against Crow and Malone. The point is well taken. Malone, as Crow's immediate grantor, was a necessary party in the court below to set aside his deed to Crow. *Hitchcox v. Hitchcox et al.,* 39 W. Va. 607, 20 S. E. 595, was a suit in equity commenced by Victor Hitchcox, a minor, to remove a deed, held by defendants, as a cloud on his title to certain land. In his bill he assailed the validity of the title of defendant's immediate grantor, one A. S. Core, who was not made a party to the suit. The circuit court decreed that Victor Hitchcox was entitled to the relief prayed for in

his bill, and removed the deed to said Core, and also the deed from Core to defendants, as a cloud on plaintiff's title. The defendants appealed and assigned as error the action of the trial court in so decreeing in the absence of necessary parties. In passing the court said:

"In the case under consideration the legality of the manner in which defendants Morrissons' immediate grantor derived his title being directly assailed, and, although purchased by said grantor at public sale under a decree of court, the regularity of the chancery proceedings under which said decree was obtained being challenged and brought in question by the plaintiff's bill, my conclusion is that A. S. Core was a necessary party to this suit, and should have been brought before the court in order that he might protect his interest and the questions raised might be properly determined. It cannot be said that A. S. Core was a purchaser at a judicial sale under a decree of court, which sale was afterwards confirmed by a decree of court, and therefore he is protected under section 8 of chapter 132 of the Code, for the reason that the plaintiff in his bill alleges that there was no such decree and no such sale; and said Core or those representing him should be present, in order that they may have an opportunity of presenting the facts and placing the question at rest. And, having arrived at the conclusion that the decree complained of was entered in the absence of necessary parties, the same must be reversed, and the cause remanded to the circuit court of Ritchie county for further proceedings to be had therein with costs to the appellant."

And in the syllabus:

"In a suit in equity brought to remove a deed held by the defendants as a cloud upon plaintiff's title to the land in question, in which the bill alleges that the defendants' immediate grantor, who claimed to have purchased the land at a judicial sale under a decree, had no title, because no sale of such land was ever decreed in any legal proceedings, such as are recited in said grantor's deed, and that no sale of land * * * was ever decreed in any legal proceedings set up in said pretended deed, and that no legal sale of said land or of any interest therein was ever made by the special commissioner, who made the deed to the defendants' grantor, such grantor should be made a party defendant to the suit; and a decree pronounced in his absence, or in case of his death in the absence of his heirs at law, should be set aside."

And in *City of Hartford v. Chipman et al.,* 21 Conn. 488, where the proper parties were joined, the court said:

"Objection is further made that the plaintiffs, or some of them, have sold and conveyed the lands, and have now no interest in them which a court of equity could protect. It is true they do not own the *land itself*, but they have an essential interest in the question of title by which the purchasers under them hold the land, by reason of the covenants for title in their deeds. It is obvious that their interest is as direct as if they now held the land."

See, also, *Getzelman v. Balzier,* 112 Ill. App. 648; *Donahue et al. v. Fackler et al.,* 21 W. Va. 124; *Massie v. Louque,* 109 La. 769, 33 South. 764; *Dorman v. Brereton,* 140 Ill. 153, 29 N. E. 703; *Flanders v. McClanahan,* 24 Iowa, 486; *Watson et al. v. Wells,* 5 Conn. 468. Being a necessary party in the trial court, and a party to this, a joint judgment, Malone is a necessary party here.

The rule is well settled that all parties against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for dismissal of the case. *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937; *American Nat. Bank v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507; *May et al. v. Fitzpatrick et al.,* 35 Okla. 45, 127 Pac. 702; *Appleby et al. v. Dowden,* 35 Okla. 707, 132 Pac. 349.

The motion to dismiss is sustained.

All the Justices concur.