## BILBY v. WOODWARD *et al.*

No. 5616.   Opinion Filed April 13, 1915.

(148 Pac. 96.)

**APPEAL AND ERROR—Necessary Parties—Dismissal—Quieting Title.**
Where an Indian minor, by his guardian, sued several defendants to quiet title to his allotment, and a third party intervened and claimed to be the sole owner thereof and prayed for like relief, and where said minor prevailed and his title thereto was quieted, and one of the defendants, and the intervener bring the case here without joining the other defendants, **held,** that those defendants are necessary parties, and must either make a general appearance in this court within the time allowed by law for appealing from said decree, or summons must issue within such time and service thereon be had, or the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Bennie Woodward by P. I. Brown, his guardian, against John A. Oliphant and others, Arthur A. Hart intervening. Judgment for plaintiff, and defendant John S. Bilby brings error. Dismissed.

*O'Hare & Davidson,* for plaintiff in error.

*Herbert E. Smith,* for defndant in error Hart.

*C. B. McCrory,* for defendant in error Woodward.

TURNER, J.   On August 27, 1910, Bennie Woodward, an Indian minor, by his guardian, P. I. Brown, filed his petition in the district court of Wagoner county, against John A. Oliphant, J. W. Steen, Edwin M. Arnold, J. E. Tomlinson, John S. Bilby, Lewis B. Malone, Wm. J. Anicker, and William A. Stetler, seeking to quiet the title to his allotment in the Creek Nation. The record discloses that each of the defendants except William A. Stetler and John S. Bilby held a warranty deed of a different date to said allot-

ment, executed by said minor. John S. Bilby claimed his title by warranty deed from J. W. Steen and Edwin M. Arnold to himself as grantee. Thereafter one Arthur A. Hart intervened and set up title thereto by warranty deed from said minor to Rayford Woodward, dated November 1, 1911, and a warranty deed from said Woodward to himself, dated December 18, 1911, and by warranty deed jointly executed by said minor and Rayford Woodward, dated January 2, 1912, to himself as grantee, and prayed the court to quiet the title to said land in him. Thereafter the cause came on for trial, whereupon a decree was rendered canceling all deeds held by the defendants and the intervener and quieting the title in plaintiff. After Bilby and intervener Hart had filed separate motions for a new trial, they bring the case here; Bilby by petition in error and casemade, and Hart, the intervener, by cross-petition in error, making all parties in interest defendants in error.

The cause is now before us on motion to dismiss because summons in error has not been issued or a general appearance entered by defendants in error John A. Oliphant, J. W. Steen, Edwin M. Arnold, J. E. Tomlinson, Lewis B. Malone, Wm. J. Anicker, or William J. Stetler, although the statutory period for perfecting the appeal has long since expired. Being necessary parties (*Billy v. Unknown Heirs of Gray, Deceased,* 35 Okla. 432, 30 Pac. 533; *Crow v. Hardridge,* 43 Okla. 463, 143 Pac. 183), they must either make general appearance within the time allowed for appealing from the judgment or final order of a court, or summons must issue within such time and service thereon be had upon the necessary parties, or the appeal will be dismissed (*Strange v. Crismon,* 22 Okla. 841). Such not having been done, this proceeding is dismissed.

All the Justices concur.