## CLARK v. LA BRUE *et al.*

No. 6808. Opinion Filed June 22, 1915.

(150 Pac. 110.)

**APPEAL AND ERROR—Necessary Parties.** All parties to a judgment
in the trial court whose interests will be affected adversely by a
reversal or modification of the judgment must be made parties,
either as plaintiffs or defendants in error, in the Supreme Court.

(Syllabus by Brewer, C.)

*Error From District Court, Alfalfa County;*
*James W. Steen, Judge.*

Action by John M. Clark against Paul La Brue and
another. Judgment for defendants, and plaintiff brings
error. On motion to dismiss appeal. Dismissed.

*Partridge & Wiles*, for plaintiff in error.

*Titus & Talbot*, for defendants in error.

Opinion by BREWER, C. This appeal was filed in
this court September 9, 1914. On April 15, 1915, defend-

ants in error filed their motion to dismiss, on the ground that Geo. C. Hebel, Walter H. Farnsworth, J. W. Leisure, Samuel Lawyer, and Mattie M. Goss, defendants in the trial court, have not been made parties to this appeal. This motion is answered by the contention that although these parties were defendants in the court below, they were not originally sued by plaintiff, and were brought in as defendants, over his protest; that the judgment has become final, and that they are not parties whose interests will be adversely affected by any judgment rendered here.

This case presents a controversy growing out of the appropriation by upper proprietors of the waters of Powell creek, a stream about five miles long and finding its source in certain springs in Alfalfa county. The suit was originally brought against defendants La Brue and Beadman, the defendants in error here, by plaintiff in error Clark, who alleged that he was the owner of land situated on said stream, and that the defendants were the owners of land between plaintiff's land and the source of said stream; and that they had wrongfully and tortiously constructed dams and obstructions in the same, and had appropriated its waters to their own use, and to the exclusion of plaintiff as a lower proprietor; that their said conduct was tortious and amounted to a nuisance, and had resulted in damage to plaintiff Clark. Plaintiff asked for a decree declaring the obstructions of the stream to be a nuisance, for an injunction, preventing the same, and requiring that their dams and obstructions be destroyed, etc., and for general relief.

Defendants Hebel, Farnsworth, Leisure, Lawyer, and Goss were made parties defendant on the ground that they were also upper proprietors, and had also constructed dams across said stream, and had appropriated such

waters as they needed.  Each defendant, together with the original defendants, asserted priority of appropriation of the waters as against plaintiff and as against each other defendants, claiming the right to so continue by prescription, together with other defenses.  Nearly all the facts, as to all the parties, were stipulated, and the final decree was entered in favor of the defendants, decreeing their various rights to hold their different dams and obstructions as originally made upon their lands, quieting their title to same, and their right to the use of the waters as formerly.  A separate paragraph of the decree settles and determines the rights of the various defendants, and adjudges that plaintiff, Clark, take nothing, and pay the costs of the action.

Plaintiff excepted generally to the rendition of this decree, and said exception was allowed.  Petition in error is filed here, as has been noted, against only two of defendants, being those originally sued by Clark; the others not being made parties.  The question here presented is whether a judgment rendered in this court will injuriously affect the parties not before it.  In turning to the petition in error, the fourth assignment reads: "Said court erred in rendering judgment, quieting title as to the defendants, Goss, Hebel, Lawyer, La Brue, and Beadman."

This is a direct attack and challenge of the proceedings in the lower court decreeing affirmative rights in the defendants, Goss, Hebel, and Lawyer, and they are not brought into the petition in error, and are not before this court.  If any such rights are to be litigated or inquired into here, said parties certainly have a right to be heard.  It follows that to inquire into their rights, in case a reversal should be had, would very seriously and injuriously affect such rights.

It has been held by this court, in cases too numerous to mention, that on appeal all of the parties below whose interests would be injuriously affected by a reversal or modification of the judgment appealed from, must be made parties and brought into this court. Some of the late cases are: *Bilby v. Woodward*, 47 Okla. 122, 148 Pac. 98; *Billy v. Unknown Heirs of Gray*, 35 Okla. 430, 130 Pac. 533; *Gwinnup et al. v. Griffins et al.*, 34 Okla. 117, 124 Pac. 1091; *Zeimann v. Bennett et al.*, 39 Okla. 344, 134 Pac. 1124.

Under the rule announced, and as we view the state of the record, the cause should be dismissed.

By the Court: It is so ordered.