**MALONE et al. v. SCOTT et al.**

No. 7278—Opinion Filed June 20. 1916.

Motion to Reinstate Denied Sept. 5, 1918.

(158 Pac. 606.)

1. **Appeal and Error—Necessary Parties—Dismissal.**

Where an action was brought by a person claiming to be the sole owner of a tract of land. against several defendants, to recover said land and to quiet title and remove the cloud therefrom. and one of said defendants. claiming also to be the sole owner of said land, files a cross-action, praying for judgment quieting his title, and the judgment rendered decrees plaintiff to be the owner of the title to the land and quiets same as against the claims and demands of defendants, named in plaintiff's petition, in the prosecution of an appeal from said judgment by plaintiff, the defendant, asserting title under such cross-petition, is a necessary party to the appeal.

2. **Same.**

All persons who are parties to the proceedings in the trial court, and whose interest will be affected by a reversal of the judgment on appeal, must be brought in and made parties in the appellate court, or the proceedings will be dismissed.

(Syllabus by Collier, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Susie Tiger Malone and others against Peer Scott and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

P. A. M. Hoodenpyl and John T. Hays, for plaintiffs in error.

J. E. Thrift, Harry H. Rogers. C. J. Davenport, William J. Gregg, and Percival E. Magee, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the plaintiffs in error against the defendants in error, to recover the lands, and to remove clouds upon the title thereof, described in the petition. The lands in question were the allotment of Ullie Eagle, deceased, a full-blood Creek citizen. There were several interveners, and cross-petitions were filed which we deem unnecessary to recite, other than the cross-petition filed by L. W. Jones, as guardian ad litem of the defendant. Hepsie Mitchell, an incompetent, in which said cross-petition it was alleged that Hepsie Mitchell was the sole and surviving heir at law of the said Ullie Eagle, and that, as such heir of Ullie Eagle, she took, by the law of descent and distribution then in force, the fee-simple title to all the real estate described in the said petition. The case was tried to the court, and the court found Nellie Fish. one of the defendants, to be the sole heir at law of Ullie Eagle, deceased, of the land in controversy, and that the defendants James H. Chapman and Montfort Jones are the grantees of Nellie Fish and have a right of possession of the premises described in their cross-petition, subject to a certain oil and gas mining lease upon said lands, which it is unnecessary to describe, and that the said defendants, including the said Hepsie Mitchell, have no right, title. or interest in the land, and rendered judgment accordingly, on the 8th day of October, 1914. To reverse the

judgment rendered, the plaintiffs in error prosecute, by transcript, this appeal.

On April 7, 1915, which was within one day of the six months in which appeal could be taken, summons in error issued to Hepsie Mitchell, an incompetent, and to Levi W. Jones, as her guardian ad litem, directed to the sheriff of Creek county, Okla., and on the 12th day of April, 1915, return was made by said sheriff of said summons in error that "Hepsie Mitchell and Levi W. Jones, as her guardian ad litem, not found in Creek county." On the 5th day of June, 1915, an affidavit was filed by Roman Tiger to obtain service by publication of said summons in error upon said Hepsie Mitchell and Levi W. Jones, her guardian ad litem, "averring that service of summons cannot be made upon said defendants with due diligence; that said defendants have departed from said county to avoid the service of said summons." Publication of said summons in error was made and proof of said publication of said summons in error was filed with the clerk of this court on March 27, 1916, showing that said summons was first published in the Creek County Republican on June 18, 1915. On May 10, 1916, James A. Chapman and Montfort Jones, appearing especially for the purpose of moving the court to dismiss the appeal, filed a motion to dismiss this appeal upon the ground that Hepsie Mitchell and Levi W. Jones, as guardian ad litem, were necessary parties to the proceedings in error in this cause, and had not been served with summons in error. It is unquestioned that summons in error in this cause was never personally served upon Hepsie Mitchell, or her guardian, Levi W. Jones, and that the attempted service by publication was not first published until after more than 60 days after the time in which the appeal in this case could be taken had expired.

The first question to be determined is whether or not the said Hepsie Mitchell and her guardian, Levi W. Jones, are necessary parties to this appeal. Second, was the summons in error to Hepsie Mitchell and Levi W. Jones legally served by publication? These questions will be considered in their order.

In Billy v. Unknown Heirs of Gray et al., 35 Okla. 430, 130 Pac. 533, it is held:

"Where an action was brought by a person claiming to be the sole owner of a tract of land against several defendants, to quiet title and to remove cloud therefrom, and a third person intervened, claiming also to be the sole owner of said land, and praying for judgment quieting his title, and the judgment rendered decrees plaintiff to be the owner of the title to an undivided half interest in said land, and quiets same as against the claims and demands of the defendants named in plaintiff's petition, and decrees the interpleader to be the owner of the title to the other undivided half interest in said land, and quiets his title as against the claims and demands of defendants, in the prosecution of an appeal from said judgment by plaintiff, the defendants are necessary parties thereto."

In the body of the opinion the court says:

"It is contended by plaintiff in error that the omitted defendants are not necessary parties to the appeal; but with this contention we cannot concur. The judgment which plaintiff seeks to set aside by this proceeding decrees to her. as against defendants, an undivided half interest in the lands in controversy, and quiets her title in said undivided half interest against all the claims and demands of the omitted defendants. It likewise decrees the title and possession to an undivided half interest in defendant in error, and quiets his title thereto against all claims and demands of the omitted defendants. What plaintiff sought in the court below, and what she seeks now, is a judgment decreeing to her the title to said lands as the sole owner, and quieting the same against all the claims and demands of defendants, and a cancellation of the instruments described in her petition as constituting a cloud upon her title in and to the entire tract of land in controversy. This she hopes to accomplish, either by having the judgment in which the omitted defendants are parties set aside by this court and a new trial granted, or by a rendition in this court of a judgment in her favor upon the record. In either event she seeks to set aside a judgment to which persons not before this court are parties, and a different judgment rendered. If she should accomplish her purpose, and a new trial be granted, the absent persons then, upon a proper showing, might be permitted by the lower court to appear and defend the action against them. At any event, such judgment could not be rendered in this court, or a new judgment rendered in the trial court, without affecting the interests of the absent defendants, and this court is therefore without authority to proceed in this cause."

In Bilby v. Woodward et al., 47 Okla. 122, 148 Pac. 96. the syllabus is as follows:

"Where an Indian minor, by his guardian, sued several defendants to quiet title to his allotment, and a third party intervened and claimed to be the sole owner thereof and prayed for like relief, and where said minor prevailed and his title thereto was quieted, and one of the defendants and the intervener bring the case here without joining the other defendants, held, that those defendants are necessary parties, and must either make a general appearance in this court within the

time allowed by law for appealing from said decree, or summons must issue within such time and service thereon be had, or the appeal will be dismissed."

· There being no question that personal service of the summons in error was not served upon Hepsie Mitchell, we are next to consider whether or not legal service of the summons in error served upon her was effected by publication. The judgment having been rendered October 8, 1914, the time for filing this appeal expired on the 8th day of April, 1915. Section 5238, Rev. Laws 1910, provides:

The summons in error "shall issue and be served, or publication made, as in the commencement of an action. * * *"

Section 4659, Rev. Laws 1910, provides:

"Where service by publication is proper the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

In order to legally serve a summons in error by publication, the first publication thereof must be made within 60 days from the day of the expiration of the time in which the appeal can be taken. The time for taking the appeal in the instant case expired on the 8th day of April, 1915, and the first publication of notice, attempting to secure service of summons in error by publication, was not made until June 18, 1915, 10 days after the time had expired in which it could be made. It follows that the attempted service of the summons in error by publication was a nullity.

The said Hepsie Mitchell being a necessary party to this appeal, and not having been served, either personally or by publication, with a summons in error, this court is without jurisdiction.

"All persons who are parties to the proceeding in the trial court, and whose interests will be affected by a reversal of the judgment on appeal, must be properly brought in and made parties in the appellate court, or the proceeding will be dismissed." Boyd v. Robinson, 47 Okla. 591, 149 Pac. 1146; Thompson et al. v. Fulton. 29 Okla. 700, 119 Pac. 244; K. C. & M. & O. Ry. Co. v. Williams, 33 Okla. 202, 124 Pac. 63; American National Bank v. Linotype Co., 31 Okla. 533, 122 Pac. 507; Bowles v. Cooney et al., 45 Okla. 517, 146 Pac. 221.

This appeal should be dismissed.

By the Court: It is so ordered.