46 291
92 407
46 291
110 312

## HUNT & LEDWICH v. CLARK ET AL.

1. **Practice in the Supreme Court:** PARTY. Where a party to the record is not served with notice of appeal, the appeal cannot be prosecuted as to him, and no relief based upon a reversal of the judgment against him can be granted in the appellate court.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, JUNE 14.

ON the 15th day of June, 1876, the plaintiffs commenced their action to recover of D. J. Nichols five hundred and eighty-one dollars, for merchandise before that time sold by them to said Nichols. The petition contained the necessary allegations for a writ of attachment. The writ was issued, and on the same day a notice of garnishment was served on S. W. Clark.

On the 22d day of August, 1876, the answer of Clark, the garnishee, was taken, from which it appeared that in May, 1876, Nichols made a contract to erect for Clark a certain building and furnish all the materials, and that at the time of the service of the garnishment notice Clark was indebted to Nichols in the sum of $549.

After the service of notice of garnishment and before the answer of the garnishee was taken, the intervenors and appellants herein, Olmstead Brothers *et al.*, perfected their liens as sub-contractors, furnishing labor and materials for said building, and on the 30th day of August intervened in said attachment proceedings and asked that their liens be established, and the money still due from Clark to Nichols be applied in payment of said liens. They also asked judgment against Nichols for the amounts severally due them.

To these petitions Hunt and Ledwich, plaintiffs, and D. J. Nichols, defendant, filed answers of general denial. There was trial before the court, a jury being waived. Judgment was rendered in favor of plaintiffs and against Nichols for the claim made in plaintiffs' petition, and in favor of plaintiffs and against Clark as garnishee for the amount owing by him to Nichols. The petitions of intervention were dismissed. The intervenors appeal.

*Sapp & Lyman* and *Jno. V. Evans,* for appellants.

*Baldwin, Wright & Mayne* and *Jno. Ledwich,* for appellees.

ROTHROCK, J.—I. Appellants insist that the court erred in refusing to render a judgment against defendant, Nichols, for the several amounts due them on account of the labor and materials furnished. No notice of appeal has been served on Nichols, and the question as to the indebtedness from him to the appellants is therefore not presented in the record before us. An issue was made in the court below by Nichols, denying the claims of appellants. The abstract recites that the intervenors proved and established their liens and that the same were

1. PRACTICE in the supreme court: party.

unpaid; but the court dismissed the petitions of intervention. The causes of action set up by the appellants against Nichols have been adjudicated against them, and from this judgment no appeal has been taken. It follows that, as the record shows no valid claim against Nichols in favor of appellants, they are not in position to claim a mechanic's lien as against the plaintiffs, or Clark, the garnishee.

AFFIRMED.