No. 1398.

SUCCESSION OF A. M. JAN.

A judge is disqualified to pass on the homologation of an account, where the assignee of a claim, transferred by him, attempts to enforce its payment by an opposition to the account.

Although the claim has been transferred without recourse, yet there is an implied warranty as to the existence of the debt, and the judge is interested to this extent.

APPEAL from the Twenty-first District Court; Parish of St. Martin. *Mouton, J.*

*Felix Voorhies* for the Executor.

*Louis J. Voorhies* and *Edward Simon* for the Opponents.

The opinion of the court was delivered by

McENERY, J. In this case a motion was made to recuse the District Judge, James E. Mouton. The motion was referred to Hon. O.

C. Mouton, Judge of the Twenty-fifth Judicial District, who denied the motion.

The judge, James E. Mouton, was a member of the law firm of Mouton & Martin, before his elevation to the district bench. This firm obtained a judgment against a debtor for the decedent. Before he qualified, Judge Mouton transferred all his fees for legal services due said firm to his former law partner, Robert Martin. This transfer was made without recourse, and he was not to return the cash amount which he received for them whether the fees were collectible or not.

The administrator for the succession of Jan filed his account, refusing to allow the fee for services rendered by Mouton & Martin in recovering the judgment for Jan against the debtor. For this reason Robert Martin opposed the account. Hence the motion for the recusation of the judge by the administrator of the succession of Jan.

When James E. Mouton transferred this account for fees, among others there was an implied warranty as to its existence. The transfer without recourse went no further than to warrant against the insolvency of the debtor. To the existence of the debt there was an implied warranty. C. C. 2646.

To this extent the District Judge was interested.

In the Succession of Rhea, 31 An. 324, this court said: "The decree of a court should be not only impartial, but no pretext should, as a stepping stone, be allowed to stand between its impartiality and even the most unreasonable suspicion, for, as well said, "praise is without feet, and the wings of blame are swifter than the winds."

We have no doubt that the District Judge felt perfectly disinterested. There also can be no doubt that his pecuniary interest in the litigation was very remote—too remote to influence his judgment. But, nevertheless, there was an interest, however remote and distant, sufficient to incite the tongue of the disappointed to the most unreasonable suspicion.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is further ordered that this case be remanded to be proceeded with according to the views herein expressed, and according to law, the succession to pay the costs of appeal.