D. C. CHASE et al., Appellants, v. C. P. CHRISTENSON.

Practice in Supreme Court. Action to quiet title. A grantee is made defendant. He files cross bill against his grantor praying cancellation of a purchase money mortgage if title be quieted against him. The grantor makes appearance. The title is not quieted. Held, plaintiff's appeal will· be dismissed for failure to serve notice of appeal on said grantor. ·

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, OCTOBER 25, 1894.

ACTION in equity to redeem certain land from a tax sale and deed. There was a decree dismissing plaintiffs' petition, and they appeal.—*Dismissed.*

*D. C. Chase* for appellants.

*A. N. Boeye* and *Gatch, Connor & Weaver* for appellee.

ROTHROCK, J.—The plaintiffs claim to be the owners of the patent title to the land, and the defendant claims title under a tax deed. It appears from the record that the tax deed was made by the treasurer of Hamilton county to Samuel Merrill on the seventh day of May, 1879, and filed for record on the next day. The plaintiffs' attack upon the deed is founded on the fact that the notice of expiration of the time for redemption was void, because said notice was not addressed to the person in whose name the land was taxed, as provided by law; and it is also contended, for other reasons, that the time for redemption had not expired when this suit was commenced. The defendant answered the petition, taking issue upon the material questions in the case; and it was further claimed in the answer that Merrill conveyed the land by deed of general warranty to George Garver, and that afterward said Garver conveyed said property to the defendant, by a like deed of general warranty; and that defendant was the absolute owner under said claim of title, subject to a mortgage of four hundred dollars, given by him to Garver, to secure the payment of part of the purchase money for said premises; and the demand was made that Garver be made a party defendant. A paper denominated a "cross bill" was filed by

the defendant against Garver. It does not appear that notice was served on Garver, but he appeared as a defendant, and filed an answer, setting up substantially the same defenses as were interposed by the defendant Christenson. The cross bill was filed by leave of the court, and was in the nature of a demand that Garver should defend the suit under the covenants of warranty in his deed, and, if it should be decreed that he had not title when he conveyed to the defendant Christenson, the mortgage for four hundred dollars should be canceled. No objection appears to have been made to the appearance of Garver as a defendant, and the cause was heard and determined on the issues above stated, and the decree was a general one dismissing the plaintiffs' petition. A notice of appeal was served on the defendant Christenson alone. No appeal was taken as to the defendant Garver. A motion to dismiss the appeal was served upon the appellants on the twenty-eighth day of September, 1893. The ground of the motion is that Garver is a party adversely interested to appellants, and whose rights were determined by the decree against appellants. No resistance was made to this motion, and it was submitted to this court to be determined with the case.

We think the motion must be sustained. A reversal of the decree as to Christenson could not be held as a reversal as against Garver. The general decree dismissing the petition was, in effect, an adjudication that Garver's deed to Christenson conveyed the title, and that the mortgage given for purchase money was valid. There can be no review in this court which would affect Garver without making him an appellee in the case. When a party to the record is not served with notice of the appeal, the appeal can not be prosecuted as to him, and no relief based upon a reversal as to him can be granted in the appellate court. *Hunt v. Clark*, 46 Iowa, 291. The motion to dismiss the appeal is sustained. DISMISSED.