Defendant is condemned to pay costs of both courts.

<hr>

(33 South. 764.)

No. 14,133.

MASSIE v. LOUQUE.*

WHITE et al. v. LOUQUE et al.

(Dec. 16, 1901.)

RIGHT TO APPEAL—NECESSARY PARTIES.

1. The vendor of real estate transferred one of the two notes given for the purchase price. At the maturity of the notes he and the transferee instituted separate suits in foreclosure of the notes and of the mortgage stipulated in the act of sale to secure them, and these suits were consolidated. The purchaser was a corporation. It enjoined the foreclosure proceedings, claiming that it had been evicted from part of the property, and was entitled to a diminution of price, and that, as a result of this diminution, the vendor should restore part of the cash portion of the price, and the notes be declared null because of failure of consideration; also that the notes were prescribed. Before the trial the vendor transferred his rights in the suit to his coplaintiff in the executory process. One of the stockholders of the plaintiff in injunction sought to make himself a party to the suit by intervention and third opposition, but, on exception of his being without interest or standing in the suit, he was excluded. From a judgment dismissing the injunction suit this stockholder took an appeal under the provision of our law permitting third persons to appeal; but he failed to make the vendor a party to the appeal. On motion to dismiss the appeals, *held*: First, that such stockholder was a third person, notwithstanding his unsuccessful attempt to become a party to the suit; secondly, that the vendor, both as defendant in the suit for diminution and as warrantor on the notes, had an interest in maintaining the judgment appealed from, and that the failure to cite him was fatal to the appeal.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Plaquemines; Robert Hingle, Judge.

Action by Jessie H. Massie against Charles Louque and by Robert M. White, Jessie H. Massie subrogated, against Charles Louque and others. Actions consolidated. Charles C. Buck intervenes. Judgment for plaintiff, and intervener appeals. Dismissed.

<hr>

*Rehearing denied March 2, 1903.

Gurley & Mellen, for appellant Charles C. Buck. E. Howard McCaleb, for appellee Massie.

On Motion to Dismiss.

NICHOLLS, C. J. We think it best to postpone action on this motion until after the parties should have been heard upon the issues involved. We therefore decline to dismiss the appeal in limine. Action on the motion is postponed, and the clerk is directed to place the case upon our docket to be heard upon the merits.

On the Merits.

(Dec. 1, 1902.)

PROVOSTY, J. R. M. White, representing that he had title to some 28,000 acres of land, agreed in writing to sell same to C. C. Buck. The plan was that Buck would form a company, and that, after buying from White, would sell to that company. The company was formed, but White refused to carry out the agreement, and suit had to be brought to compel performance, resulting in an agreement by which a tract of land of 4,000 acres was added to the sale, and $5,000 to the price. The company was organized under the laws of New Jersey, under the name of the Plaquemine Tropical Fruit Company, with C. C. Buck as its president and New Jersey as its domicile. When the time came to pass the acts of sale, it was discovered that, if the sale from White was made to Buck, the sale to the company would have to be made by Buck individually to himself as president of the company, as he was the only officer of the company in Louisiana. This awkward situation the parties obviated by having a third person accept the sale from White, and make the transfer to the company; Mr. Charles Louque, the attorney of Buck, acting as the person interposed. The two sales took place on the same day, before the same notary. The price in the sale from White to Louque was $30,000, of which $10,000 cash, for which receipt was given, and $20,000 in notes of the purchaser —one for $5,000, payable three months after date; one of $5,000, payable eight months after date; and one for $10,000, payable twelve months after date. The price of the sale by Louque to the company was $150,000,

payable $10,000 cash, $20,000 by assumption of the payment of the notes given by Louque, and $120,000 by the delivery of that much of the capital stock of the company.

A few months afterwards litigation arose involving the title to the property, with the result that by two decisions of this court—one in the suit of State of Louisiana v. Buck and Fruit Co., reported in 46 La. Ann. 656 et seq., 15 South. 531, and one in the suit of White v. Leovy, reported in 49 La. Ann. 1660 et seq., 22 South. 931—it was adjudged that White had had and the company had title to only 1,320 acres of the 28,000 acres, and no title at all to the 4,000 acres.

While these acts recite that $10,000 was paid in cash, the cash payment was in reality made $5,000 in money and $7,000 by that much of the capital stock of the company. It seems also that the note for $5,000, maturing eight months after date, was at the same time surrendered by White to Buck.

After five years had run on the notes, but within the three days of grace, executory process was taken out on the notes and on the mortgage stipulated in the acts of sale to secure them. There were two suits—one brought by White on the $5,000 note, and one by Jessie H. Massie on the $10,000 note. As the sale to Louque contained the pact de non alienando, the suits were brought against him, his transfer to the fruit company being ignored.

Thereupon the fruit company brought the present suit. In the petition the foregoing facts are alleged, namely, the agreement of White to sell; the suit to compel him to carry out the agreement; the compromise; the sale to Louque, a person interposed; the transfer by Louque to the Plaquemine Tropical Fruit Company; the representation on the part of White that the one tract contained 28,000 acres and the other 4,000; the suits by the state and by Leovy, by which the acreage of the one tract was reduced to 1,320 acres and the title to the other tract taken away altogether, etc. Also it alleged that the interposition of Louque was fraudulent, and for the purpose of enabling Buck to issue $120,000 of the stock of the Plaquemine Tropical Fruit Company; that the real price of the sale was $20,000, of which $10,000 cash and the balance in the three notes sued on; that White well knew he had no ti-

tle, and made said sale in fraud; that title to said property has been found to be good for less than 5 per cent. of the property, and that White is indebted to the company for $7,000, and the three notes sued on are null and void, the consideration of same having failed; and it is further alleged that the notes sued on are prescribed.

The prayer of the petition is that an injunction issue prohibiting the sale of the property seized; that R. M. White, Jessie H. Massie, and F. C. Mevers, sheriff, be cited; and that there be judgment declaring the notes upon which executory process issued to be null and void, and without consideration, and ordering the mortgage securing same to be canceled, and condemning R. M. White to restore to the petitioners $7,000, and making the injunction perpetual.

The injunction was prayed under article 739 of the Code of Practice; that is, without bond.

The defendants in injunction pleaded the general denial, and specially denied that the plaintiff company had been evicted from any part of the lands sold by White to Louque. They further gave their own version of the transactions above detailed.

The two suits were consolidated.

Before the trial White transferred to Massie his rights as plaintiff, and the latter was duly substituted of record as party plaintiff in the suit brought by White.

Buck sought to intervene in the suits. He reiterated the allegations made in the petition of the company, excepting, however, the allegations of fraud; and he alleged, further, that he was the holder of $50,000 of the capital stock of the fruit company, and that the charter of said company had been forfeited, and that no one had been appointed to have charge of its affairs, which were unsettled. He prayed that the notes sued on be decreed to be null and void, etc.

The defendants in injunction excepted that the intervener and opponent was without interest, capacity, or right to file said opposition, or to interfere and intervene in said cause; second, that the said opposition discloses no cause of action; third, that the said C. C. Buck is absolutely without right to stand in judgment, appear herein, or to oppose plaintiff's claim and the proceedings taken to enforce the same.

This exception was sustained, and the intervention and the opposition were dismissed. The intervener and opponent acquiesced in the judgment.

As between the plaintiff and the defendants in injunction the case was tried, resulting in a judgment for defendants dismissing the suit.

A few days before the expiration of the 12 months within which appeal could be taken from this judgment, Buck obtained therefrom the present appeal.

J. H. Massie, plaintiff and appellee, by a first motion, urges as ground for dismissal of the appeal that it has been taken by Buck in the quality of a third person, and that Buck is not a third person, but is a party to the suit as intervener and third opponent. Massie is not consistent. When Buck tried to get into the suit by way of intervention, he objected, saying to him, "You cannot make yourself a party to this suit." The court agreed with him, and excluded Buck, who acquiesced and stayed out. Now Massie says to Buck, "You are a party to the suit, and therefore cannot appeal." There is here evidently an inconsistency fatal to appellee's motion. The fact is that Buck never was a party to this suit, he having been excluded on the ground that he had no right to become a party.

We note that the absence of appealable interest does not figure among the grounds for dismissal.

By a second, or supplemental, motion, plaintiff urges as ground for dismissal that R. M. White, one of the original parties to the suit, has not been cited in the appeal.

We take it that reference to authority is not necessary for the propositions that, in so far as White has an interest in the maintenance of the judgment appealed from, he is a necessary party to the appeal, and, in his absence, the appeal must be dismissed; and that, in so far as he has no interest, he is not a necessary party, and the appeal must be maintained notwithstanding his absence. .

For the determination of the motion it is therefore necessary to look into the issues upon which the judgment was rendered. The gist of the petition is that the plaintiff has been evicted from part of the property sold, and is entitled to a proportional diminution of the price, and that as an effect of this diminution the consideration of the notes has failed, and the notes are null, and that $7,-000 of the cash payment received by White should be returned; that the interposing of Louque was a fraudulent device to enable Buck to issue $120,000 of the capital stock of the company, and that Buck, and not Louque, was the real vendor; also that the notes are prescribed.

The gist of the answer is a denial of these allegations, namely, that plaintiff has not been evicted, and, in consequence, is not entitled to a diminution of the price; and that the consideration of the notes has not failed; and, finally, that the notes are not prescribed.

The court entertained the suit on the question of prescription, but refused to consider it on the question of eviction and diminution of price, holding that under the jurisprudence of the state such an action could not be cumulated with an injunction issuing without bond under article 739 of the Code of Practice.

Interwoven with the framework of the petition are allegations of fraud—that Louque was interposed through fraud, and that the notes were obtained by fraud, as White well knew that he did not have title to the lands.

In the matter of contracts fraud is material only in so far as it is a cause of error vitiating consent (Civ. Code, art. 1847), and, as a consequence, vitiating the contract. Now, plaintiff was not seeking to annul the contract; on the contrary, plaintiff was standing on the contract, and seeking to vindicate by injunction the ownership acquired under it. So long as plaintiff did not make the allegation of fraud a basis for annulling the contract, such allegation was a mere shooting in the air; and we repeat plaintiff was not only not seeking to annul the sale, but was enforcing it by means of an injunction. For the purposes of the action for diminution of price because of partial eviction, the allegation of fraud was unnecessary, since diminution of price follows partial eviction as matter of right, and the amount of the diminution is made neither greater nor less by any fraud practiced on the buyer to induce him to buy. Plaintiff could not keep the property, or any part of it, and, on the pretense that its consent to the sale had been obtained by fraud, refuse to pay the purchase

price, or any part of it. The two positions are utterly inconsistent. The only alternative was to repudiate the contract as having been induced by fraud, or to waive the fraud, and confirm the sale, and demand a diminution of price proportional with the eviction. Plaintiff chose the latter—that is, to waive the fraud, and affirm the sale, and demand diminution of price—and, as a consequence, any fraud by which consent to the sale had been induced became irrelevant. Hence we treat as irrelevant and mere surplusage the allegation that the notes were obtained by fraud, and do not consider such allegation as forming part of the gist of the suit.

The suit, then, as it stands, is dual in character. It is an injunction suit based on the prescription of the notes on which the executory process issued, and it is an ordinary action in diminution of price because of partial eviction.

The transferror of a note warrants that at the moment of the transfer the note is still a subsisting obligation (Civ. Code, art. 2646; Johnson v. Boice, 40 La. Ann. 273, 4 South. 163, 8 Am. St. Rep. 528; Succession of Jan, 43 La. Ann. 924, 10 South. 6; Pugh v. Moore, 44 La. Ann. 209, 10 South. 710; Daniel on Neg. Inst. sec. 737 [3d Ed.]), and warranty accompanies a sale; so that the question of whether White was or not interested in the issue of prescription would depend, in so far as the $10,000 note is concerned, upon whether the note was transferred by him to Massie before or after the expiration of the five years fixed by law as the term of prescription for promissory notes, and, in so far as the $5,000 note is concerned, upon whether his rights in the suit based on that note were transferred with or without warranty. While it is extremely probable that the $10,000 note was transferred before the expiration of the five-years prescriptive period, and also that the rights and interests in the pending suit on the $5,-000 note were transferred, such as they might be, yet there is no certainty in the matter, and, in the absence of White, we cannot undertake to pronounce upon the question.

In the issues of eviction vel non or diminution of price vel non not only White is interested, but he is the main defendant. Failure of the consideration of the notes could be only an incidental issue, dependent for its solution upon the main issues of the eviction vel non and diminution of price vel non. As vendor of the property, and as transferror of the $10,000 note and guarantor of its continued existence as a subsisting obligation at the time of the transfer, not only White was interested, but he was the main party in interest; and we cannot pronounce on these issues in his absence.

Appellant says that White was not a necessary party to the appeal, because, after he had transferred the note to Massie, and Massie had been subrogated of record, White ceased to have any interest in the suit, except in so far as the demand against him for the $7,000 was concerned, and that the only effect of not having made him a party is that, in so far as the $7,000 is concerned, the judgment appealed from has become final.

If we look into appellant's brief on the merits we find that it is devoted to the questions of eviction, and proportional diminution of price, and failure of consideration in consequence of diminution of price. Most assuredly the defendant in a suit for diminution of price and the warrantor on notes the failure of the consideration of which is claimed is interested in the suit involving these issues.

The appeal must be dismissed.