## FIRST NAT. BANK OF HOLDENVILLE v. JACOBS.

### No. 894.    Opinion Filed July 13, 1909.

### On Rehearing, July 12, 1910.

### (111 Pac. 303.)

1.  **APPEAL AND ERROR—Parties—Notice—Service.** All parties to an action who appear from the record to have an interest in the judgment appealed from must be made parties to the appeal, or must be given notice equivalent to severance and summons.

2.  **APPEAL AND ERROR—Parties—Interest.** In an action of ejectment, a third party intervened, and alleged that plaintiff held only a legal title to the property in controversy as trustee for defendants who were the owners of the equitable title, subject to the lien of a mortgage owned by intervener and to the lien of a second mortgage owned by plaintiff. Intervener prayed for judgment declaring the title in defendants and for foreclosure of its mortgage, and for sale of the premises and application of the proceeds to the payment, first, of intervener's mortgage debt; and, second, to the debt secured by the mortgage of plaintiff. From a judgment confirming the title in plaintiff and awarding him possession. intervener appealed. **Held,** that the mortgagor defendants were necessary parties to the appeal.

3.  **APPEAL AND ERROR—Ind. Ter. Procedure—Citation.** Under the federal appellate procedure in force in the Indian Territory at the time of the admission of the state, where an appeal is allowed at the term at which the decree or judgment was rendered, but which is not perfected until after the term, or where an appeal is taken after the term, a citation is necessary to bring in the parties, and, if the citation is not served upon all the necessary parties to the appeal before the end of the next ensuing term of the appellate court and is not waived, the appeal becomes inoperative.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory at Wewoka; Louis Sulzbacher, Judge.*

Action by John A. Jacobs against George B. Roderick and another, in which the First National Bank of Holdenville intervened, and from a judgment for plaintiff, directing that intervener take

nothing against plaintiff but for judgment against defendants, the bank appeals.    On motion to dismiss.    Sustained.

This action was brought in the United States Court for the Western District of the Indian Territory by John A. Jacobs against George B. Roderick and wife for possession of lot 6, in block 31, of the town of Holdenville, and for damages.    Plaintiff bases his right of possession upon a patent issued to him on June 16, 1902, by the Principal Chief of the Creek Nation under an act of Congress of March 1, 1901.    Defendants' answer admits that plaintiff has such patent, but alleges that he obtained the same fraudulently, and that they are the purchasers and are lawfully occupying said lot; that plaintiff has never paid them anything therefor, and they deny his right of possession thereof.    The First National Bank of Holdenville intervened in the action; filed its petition, and alleged that it had an interest in said lot and the improvements thereon under and by virtue of a mortgage executed and delivered by defendant to it on May 16, 1901, to secure a note for the sum of $5,000, due August 15, 1901; that said mortgage was duly recorded; that said George B. Roderick was at the time of the execution of said mortgage the owner and in possession of the lot in controversy and the improvements thereon subject to existing laws and treaties; that, after the execution of the mortgage, the town of Holdenville was surveyed and platted by the townsite commission as provided by treaty of the Creek Nation with the United States; that plaintiff requested said Roderick to apply to the town-site commission to schedule the lot to him, and that intervener was afterwards informed by the commission that such had been done, but that plaintiff, acting either in collusion with Roderick or at his own instance, had procured the commission to schedule the lot to plaintiff; that these things had been done by plaintiff and he had paid for said lot before the intervener had any notice or knowledge of the acts of plaintiff and defendants; that plaintiff claimed no right to have said lot scheduled to him except as assignee of a certain mortgage on said property executed

by Roderick and wife to one Will T. Bruner, which mortgage he alleges was never recorded, but filed; and that the filing had become ineffectual as against intervener's mortgage because same had not been renewed within 30 days prior to the expiration of 12 months after the filing thereof as required by law. Intervener prayed for judgment on the mortgage indebtedness and for foreclosure of its mortgage, and that same be declared a subsisting lien against said property superior to the claim of plaintiff, and that the proceeds from the sale of the mortgaged property be applied, first, in payment of its judgment and costs, and, second, the remainder be paid to plaintiff, and that plaintiff's claim be forever barred by the sale of the property.

The material facts disclosed by the evidence and found by the master are, in substance, as follows: On January 22, 1901, defendant, George B. Roderick, owned all the interest in said lot and the improvements thereon that one could own in lots in towns of the Creek Nation at that time. On that day he and his wife executed and delivered to Will T. Bruner a mortgage whereby they sold and conveyed to said Bruner all of the improvements located on said lot consisting of a two-story dwelling, barn, and other improvements. This mortgage was filed on February 23, 1901, but not recorded, in the office of the clerk of the United States court and *ex officio* recorder of the district in which the property was located, and a renewal affidavit was filed January 14, 1902. On the same day of the execution of the mortgage Roderick and wife executed a quitclaim deed forever quitclaiming and releasing to said Bruner all their right, title, and interest in said lot. The consideration for the execution and delivery of the mortgage and quitclaim deed was to secure the payment of a note for $2,000. On the same day said note, mortgage, and quitclaim deed were assigned to plaintiff, and no part of the note has ever been paid. On May 16, 1901, Roderick and wife executed their mortgage to the First National Bank of Holdenville, conveying the improvements on said lot to intervener and on the same day executed and

delivered to intervener their quitclaim deed, quitclaiming and releasing their interest in said lot, and received from intervener a lease contract on said property for a monthly rental of $30. At the time of the execution and delivery of this mortgage and quitclaim deed to intervener, it had no actual notice or knowledge of the mortgage and quitclaim deed theretofore executed to Bruner. The mortgage and quitclaim deed to intervener were executed to secure the payment of a note for $5,000. This mortgage was recorded on December 6, 1901. On June 16, 1902, plaintiff, claiming under the mortgage and quitclaim deed to Bruner, caused the lot to be scheduled and appraised to him, paid the government $15 thereon, and secured patent therefor to himself. The court confirmed the master's report, but rendered judgment in plaintiff's favor for the possession of the property and damages, and ordered that intervener take nothing against plaintiff, but that it have judgment against defendants on the note. From this judgment intervener appealed to the United States Court of Appeals of the Indian Territory, and the case is now before this court under the provisions of the enabling act for final disposition.

*W. J. Horton,* for appellant.

*N. A. Gibson* and *H. C. Thurman,* for appellee.

No briefs reached the reporter.

HAYES, J. (after stating the facts as above). For convenience, we shall hereafter refer to the First National Bank of Holdenville, appellant, as intervener, and John A. Jacobs, appellee, as plaintiff, and G. B. Roderick and Jessie Roderick as defendants. The only propositions which it will be necessary for us to consider arise on plaintiff's motion to dismiss the appeal. The ground upon which dismissal is asked is that the defendants, George B. Roderick and Jessie Roderick, have not been served with citation, and have not been otherwise made parties to the appeal. Intervener in its reply to this motion to dismiss answers that defendants are not necessary parties to the appeal, and that, if they are, no service of citation upon them was necessary for the reason that

the appeal was allowed in open court at the term at which the decision was rendered, and that the defendants thereby had notice of it. This appeal was taken and perfected under the provisions of Act Cong. March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1909, p. 219), which provides that appeals and writs of error shall be taken from the United States courts in the Indian Territory in the same manner that cases are taken by appeal, or writs of error, from the Circuit Courts of the United States to the United States Circuit Court. of Appeals for the Eighth Circuit. These provisions of this act of Congress were before this court for construction in the case of *Porter et al. v. Brook,* 21 Okla. 885, 97 Pac. 645, and it was there held that said act put in force in the Indian Territory Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552), which prescribes the procedure which governs appeals and writs of error by which judgments and orders of the United States courts may be reviewed in the United States Circuit Court of Appeals. The appeal in this case is therefore governed by the federal appellate procedure. In the federal appellate courts, the rule is that all parties to a suit who appear from the record to have an interest in the judgment appealed from must be made parties to the appeal, or must be given notice equivalent to summons and severance. *Hardee v. Wilson,* 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; *Davis v. Mercantile Trust Co.,* 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; *Farmers' Loan & Trust Co. v. McClure,* 78 Fed. 211, 24 C. C. A. 66; *Dodson v. Fletcher,* 78 Fed. 214, 24 C. C. A. 69; *Gray v. Havemeyer,* 53 Fed. 174, 3 C. C. A. 497; *Loveless v. Ransom,* 107 Fed. 626, 46 C. C. A. 515.

We are therefore brought to the consideration of intervener's propositions in its answer to the motion to dismiss that the judgment appealed from in this action is not a joint judgment, and that defendants have no interest therein. In determining whether a party omitted from an appeal is a necessary party thereto, the courts have looked to the substance rather than to the form of the

judgment in arriving at their conclusion whether such judgment is joint, and whether the omitted party has any interest therein. The judgment of the trial court confirms the title to the lot in controversy in plaintiff, and awards him possession thereof and $1,823 as damages for the detention of said property. It further adjudges that intervener take nothing against the plaintiff but that it have judgment on its note against the defendants for the balance due thereon in the sum of $3,175. The theory of plaintiff's case in the trial court was that at the time of the execution and delivery of intervener's mortgage defendants had no interest in the lot in controversy that could be conveyed by said mortgage to the intervener, and that when the town-site commission listed and scheduled the lot to plaintiff, and he paid the government therefor and received the patent, the fee-simple title thereto became vested in him. The theory of the intervener's case in the trial court was that at the time of the execution and delivery of its mortgage defendants were the owners of the improvements on the lot, and had an interest therein that was subject to conveyance by mortgage; that such interest was conveyed to it by defendants' mortgage; that its mortgage constituted a lien upon all of the defendants' interest in the lot, and that when plaintiff under the agreement with defendants had the lot scheduled to him, and obtained a patent therefor, the naked legal title became vested in plaintiff as trustee for defendants, subject to the liens of the Bruner mortgage and to intervener's mortgage; and that intervener's mortgage was a superior lien for the reason that the Bruner mortgage had not been properly recorded, and that it had no actual notice thereof at the time of taking its mortgage. By its prayer in its plea of intervention, which was treated by the court as intervener's answer and cross-petition, intervener prays the court to adjudge defendants the owners of the property in controversy, subject to the lien of its mortgage and of the Bruner mortgage, and that the court decree the title in the defendants, and award it judgment foreclosing its lien, and decree the sale of the prop-

erty, and that the proceeds be applied, first, in refunding to plaintiff the money paid out by him to the government; second, to the payment of intervener's indebtedness; and, third, the remainder to plaintiff on his indebtedness secured by the Bruner mortgage, which plaintiff holds as assignee. A review of the theory upon which this case was tried in the trial court, and of what intervener sought by his prayer to have the court by its decree do, in our opinion discloses that the defendants are necessary parties to this appeal. We are asked by this appeal to reverse the judgment confirming the title in plaintiff and to decree that same belongs to defendants. The defendants are not before this court asking for any relief, and, if this were the only relief asked for by intervener, it would be a useless appeal, so far as intervener is concerned, but he further seeks to have this court, after it adjudges the title to the property in defendants, to award it a decree of foreclosure against the defendants foreclosing its lien upon the property, and, in order that the title to said property may be cleared of all incumbrances when conveyed at the foreclosure sale, that the Bruner mortgage be declared subject to intervener's mortgage, and, when the property is sold, that the proceeds remaining after the payment of the indebtedness secured by the prior lien be paid to plaintiff upon the indebtedness secured by the Bruner mortgage, thereby barring and foreclosing all the rights of plaintiff in the property by virtue of said mortgage. We are unable to see how this judgment or this relief can be granted without defendants being parties to the appeal. If it should be found that the judgment of the trial court should be reversed, and the relief intervener prays be granted to it, defendants would probably be in no better, or in no worse, condition, so far as the identical property in controversy is concerned, than they are under the present judgment, for the value of the property is insufficient to pay the indebtedness secured by both mortgages; but if, in fact, as contended by intervener, defendants are the owners of the title to this property, subject to the liens of the mortgages, this court is without power to

foreclose defendants' rights therein under the mortgage without their being before this court.

At the foot of the decree of the trial court, and as part of it, is the following:

"To all and every part of which decree the defendant and intervener excepted, and intervener prays an appeal to the United States Court of Appeals of the Indian Territory, which appeal is granted, and intervener ordered to enter into an appeal bond in the sum of $3,000."

The appeal bond was not executed, approved, and filed during the term at which the decree was rendered. The intervener says that this order of the court allowing it an appeal made at the term at which the decision was rendered renders citation unnecessary. This contention is not sound. It is well settled by the federal authorities that, where an appeal is taken and perfected in open court during the term at which the decree is rendered, no citation is necessary. *Railroad Co. v. Blair,* 100 U. S. 661, 25 L. Ed. 587. But although the appeal be allowed during the term at which the decree is rendered, if the bond is not during the term executed and approved as required by section 1000 of the Revised Statutes of the United States, citation must be issued and served. *Haskins v. St. L. & S. E. Ry. Co.,* 109 U. S. 106, 3 Sup. Ct. 72, 27 L. Ed. 873; *Sage v. Railway Company,* 96 U. S. 712, 24 L. Ed. 641; *Richardson v. Green,* 130 U. S. 104, 9 Sup. Ct. 443, 32 L. Ed. 872. If intervener had followed up the allowance of appeal made in open court, and had perfected the appeal by filing in the courts its bond before the adjournment of the term, no citation would have been necessary to bring the necessary parties to the appeal into this court, but it appears from the record in this case that the intervener failed to file its bond within the term, and that it abandoned altogether this mode of taking its appeal, and on August 8, 1907, presented to the Honorable William H. Clayton, Associate Justice of the United States Court of Appeals of the Indian Territory, its petition for an appeal, which was allowed, and on the same day executed its appeal bond, and had the same

approved by Justice Clayton, and thereupon filed its petition pray-
ing an appeal, and order allowing same, its bond, and assignment
of error in the trial court, and the citation issued was served upon
the appellee, John A. Jacobs.

Mr. Elliott, in his excellent work on Appellate Procedure,
classifies the modes of appeals in civil cases relative to the time
they are taken into two classes, to wit, appeals in term and appeals
after term.   Appeals in term embrace those appeals which are
taken by having the same allowed in open court at the term,
and by doing all other things to perfect the appeal required by the
statute.   In this class of appeals, service of citation or notice is
not required, for the adverse party is presumed to be in court dur-
ing the term at which the decree is rendered, and is charged with
knowledge of all acts of the court relative to his case.   Inter-
vener appears to have intended at the time the decree was rendered
in the trial court to take his appeal by this method, but, having
failed to perfect his appeal by this method, he abandoned it and
has attempted to perfect his appeal in the manner prescribed for
the second class of appeals, which, as said above, is known as ap-
peals after the term, and in which all necessary parties must be
served with citation, or the appeal becomes inoperative.   *Jacobs v.
George,* 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127.   In this
case the court summarizes the rules relative to the issuance and
service of summons in the following language:

"(1) When an appeal is allowed in open court and perfected
during the term at which the decree or judgment appealed from
is rendered, no citation is necessary.

"(2) When an appeal is allowed at the term of the decree or
judgment, but is not perfected until after the term, a citation is
necessary to bring in the parties.   But if the appeal be docketed
here at the next ensuing term, or the record reaches the clerk's
hands seasonably for that term and legal excuse exists for lack
of docketing, a citation may be issued by leave of this court, al-
though the time for taking the appeal has elapsed.

"(3) When an appeal is allowed at a term subsequent to that
of the decree of judgment appealed from, a citation is necessary,

but it may be issued properly returnable even after the expiration of the time for taking the appeal, if the allowance of the appeal was made before.

"(4) A citation is one of the necessary elements of an appeal taken after the term, and if it be not issued and served before the end of the next ensuing term of this court and be not waived, the appeal becomes inoperative."

Under the last rule above mentioned, the issuance and service of citation upon all the necessary parties before the end of the next ensuing term of this court after the appeal was allowed was necessary. The ensuing term of this court adjourned on the 11th day of May, 1908. At that time all the necessary parties had not been brought into this court by service of citation, nor had they entered an appearance, and the appeal at that time became inoperative. Other cases in point are *Dodson v. Fletcher,* 78 Fed. 214, 24 C. C. A. 69; *Lewis v. Sittel,* 165 Fed. 157, 91 C. C. A. 191.

The motion to dismiss is sustained.

All the Justices concur.

---

## ON REHEARING.

HAYES, J. Upon rehearing in this case, appellant insists that the theory of its case and the relief prayed for were so changed by an amendment to its plea of intervention not noticed- by the court in the main opinion as to render the making of defendant Roderick a party to this proceeding unnecessary. After report of the master, appellant moved the court to permit an amendment to the prayer of its interplea by adding thereto the following words:

"Or that the court decree herein that the said intervener has a valid and subsisting lien on the property described in its mortgage, and the land whereon the improvements mentioned in said mortgage are situated, superior to the mortgage executed by, defendants Geo. B. and Jessie B. Roderick to said Will T. Bruner, and superior to the right and claim of the plaintiff John A. Jacobs, by reason of said mortgage and of the patent issued to him,

and that the said lien of the intervener be foreclosed and the said property be sold to satisfy the same, and the proceeds of said sale to be applied, first, to reimburse said plaintiff the amount paid by him under the town-site laws to obtain said patent; and, second, to the payment of the debt, interests and costs of intervener, and the balance, if any, of said proceeds be paid to the said plaintiff, John A. Jacobs, and that all right, title, or claim of the said plaintiff in and to the said property be forever foreclosed and barred. * * *"

As stated in the main opinion, the theory of appellant's original interplea was that defendant Roderick owned the equity of redemption in the property in controversy, that Jacobs holds the legal title in trust for him, wherefore, it prayed that the decree of the court require a reconveyance of the title by Jacobs to Roderick, and that appellant have a decree of foreclosure against Roderick.

The only effect of the amendment to the interplea is to change appellant's prayer so as to ask for the alternative relief that, if it be found that Jacobs is the owner of the equity of redemption as well as the legal title, appellant have a decree declaring its mortgage superior to the claims of Jacobs, and that it have a decree of foreclosure against Jacobs. Such amendment does not so affect the status of the parties in this proceeding, or so change their relation to each other as to make defendant Roderick a less unnecessary party to this appeal than if the amendment had not been made. When appellant came into this proceeding in the court below, he found plaintiff and defendants each claiming to be the owners of the property in controversy, and to be entitled to possession. The effect of the contentions of each was that he was the owner of the equity of redemption. Appellant under his original interplea supports the claim of defendant, but by his interplea, as amended, he assumes a more neutral attitude, and, in effect, contends that, whoever (plaintiff or defendant) owns the equity of redemption, he (appellant) is entitled to a decree of foreclosure against him, foreclosing the lien of his mortgage. The judgment of the trial court was that plaintiff is the owner of the property,

but that appellant had no mortgage lien thereon to which plaintiff's title is subject. From that judgment appellant appeals to this court, asking that the decree declaring the plaintiff's title not subject to its mortgage be reversed, and that it have a decree of foreclosure.

But to this proceeding Roderick, who, as party in the lower court, was contending to be the owner of the equity of redemption, is not made a party. From the judgment of the trial court decreeing Jacobs to be the owner of the property Roderick has the right to appeal. If he had been made party to this proceeding, he could by cross-appeal have had the judgment of the court against him reviewed; and, if he failed to do so, he would have been estopped thereafter to complain of error in that judgment or to assert any interest in the mortgaged property, but, not having been made party thereto, he may exercise such right by an independent appeal. If he exercise that right, and on such appeal the court should find that the judgment of the trial court decreeing Jacobs to be the owner of the land in controversy was error, and that Jacobs holds the legal title as trustee for defendant, clearly then no decree of foreclosure could be rendered in this proceeding, for the owner of the equity of redemption is not only an interested party in the foreclosure proceeding, but is a necessary party, and his presence before the court is indispensable to the rendering of a judgment which will have any effect upon the property, and, when he is not made a party, the court may properly refuse to proceed because its decree will be practically nugatory. 2 Jones on Mortgages, p. 353. If plaintiff be not the owner of the equity of redemption, the relief which appellant seeks could not be granted by this court. Upon the record before us, there was a contest in the trial court as to whether plaintiff is the owner of the equity of redemption, and one party to that contest, although a party to the proceeding in the lower court, is not a party here. The rule that the appellate court is without jurisdiction where some of the parties to the proceeding in the lower court that have an interest in the judgment have not been made parties to the appellate proceed-

ing is based upon two reasons: First, that the successful party may be at liberty to proceed to the enforcement of his decree against the party who does not desire to have it reviewed; second, that an appellate tribunal shall not be required to decide a second or third time the same question on the same record. *Hardee v. Wilson,* 146 U. S. 181, 13 Sup. Ct. 39, 36 L. Ed. 933. The judgment of the trial court did not conclusively determine plaintiff to be the owner of the land. That judgment may be reversed on an appeal therefrom by defendant. Its correctness cannot be determined in this proceeding in the absence of defendant. It has been suggested that the amount of the mortgage liens equal or excel the value of the property; but that is immaterial. If defendant is the owner of the equity of redemption, he is a necessary party, although plaintiff holds the legal title. *Brigham v. Thompson,* 12 Tex. Civ. App. 562, 34 S. W. 358. The value of the interest held by the owner of the equity of redemption in no way determines whether he is a necessary party to a foreclosure proceeding. Jones on Mortgages, par. 1394.

The conclusions reached by the court· on the former hearing are not changed, and the cause is dismissed.

All the Justices concur.