## MERRELL v. WALTERS.

No. 1154. Opinion Filed November 14, 1911.

(119 Pac. 1122.)

APPEAL AND ERROR—Necessary Parties—Dismissal. When an action is brought to recover the possession of real estate, and by the consent of the plaintiff and the defendant the defendant's warrantor is made a party to the case, and issues are raised by the pleadings involving his liability on his warranty, and the decree of the court is against the plaintiff, the warrantor is a necessary party to the appeal, as his interests will be affected by a reversal; and where he is not made a party, the appeal should be dismissed on motion of the defendant in error.

(Syllabus by Ames, C.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

Action by Georgia Crenshaw Merrell against Alexander W. Walters to recover possession of real estate. Judgment for defendant, and plaintiff brings error. Dismissed.

*S. C. Burnette,* for plaintiff in error.

*Massingale & Duff,* for defendant in error.

Opinion by AMES, C. This action was brought by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover the possession of real estate. The defendant filed an answer and cross-petition, in which he set up the nature of his title, and alleged, amongst other things, that he had purchased the lands from one Fightmaster, and that he held equitable title, and prayed that the legal title, which was

vested in the plaintiff, should be held to inure to his benefit, and that the plaintiff should be required to convey it to him.

By stipulation between the plaintiff and the defendant, Fightmaster was permitted to appear in the case and "file such pleadings as he may find necessary to assist the defendant in his defense, by reason of the fact that the said Wallace E. Fightmaster is probably liable on his covenants of warranty contained in the deed of conveyance from himself to the defendant." Pursuant to this stipulation, Fightmaster filed an answer and cross-petition, in which he pleaded the facts on which he based the title which he had conveyed to the defendant; the cross-petition raising an issue as to his liability to the defendant, even though the plaintiff should prevail. Issues were made up on these pleadings, and the cause, as between the plaintiff and the defendant, was tried, and judgment rendered for the defendant. Fightmaster was not present at this trial, although the court entered final judgment that the plaintiff take nothing by her suit, and that she be required to convey her legal title to the defendant and pay the costs of the cause.

From this brief statement, it is apparent that if the decree stands Fightmaster is not liable to the defendant on his warranty; while if the decree should be reversed the question of his liability would be open. It is therefore manifest that he has an interest in the result of this action. In *Chase v. Christenson,* 92 Iowa, 405, 60 N. W. 640, the syllabus is as follows:

"Where, in an action to quiet title, defendant files a cross-bill against his grantor, who is made a party, praying that a mortgage given him as a part of the purchase price of the land be canceled if plaintiff recovers, such grantor is an adverse party, on whom notice of appeal by plaintiff from a judgment dismissing his petition must be served."

*Massie v. Louque,* 109 La. 769, 33 South. 764, was also a similar case. It being true that Fightmaster's interests are materially affected by the appeal, he was a necessary party. *John v. Paullin,* 24 Okla. 636, 104 Pac. 365; *Jones v. Balsley,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921; *First National Bank of Holdenville v. Jacobs,* 26 Okla. 840, 111 Pac. 303.

The plaintiff in error, in opposition to the conclusion which we have reached, refers us to *Hallwood Cash Register Company v. Dailey,* 70 Kan. 620, 79 Pac. 158, and *Zinkeisen v. Lewis,* 71 Kan. 837, 83 Pac. 28, which hold that, where a defendant is in default, and does not appear and take part in the proceedings in the court below, he is not a necessary party on the appeal; but both of these cases are based upon a Kansas statute of 1901, which we do not have. *Jones v. Balsley,* 25 Okla. 344, 349, 106 Pac. 830, 138 Am. St. Rep. 921.

In view of the authorities cited, it is our opinion that the motion to dismiss should be sustained.

By the Court: It is so ordered.

All the Justices concur.