## BOYNTON LAND, MINING & INVESTMENT CO. v. RUNYAN.

No. 2348:   Opinion Filed December 7, 1912.

(128 Pac. 1094.)

**APPEAL AND ERROR — Intervention — Necessary Parties to Writ.**
Where, in an action to set aside a judgment canceling a conveyance of certain land and quieting title in the prevailing party, a third party intervenes and alleges that he, in good faith, lent money to the prevailing party and took a mortgage on the land as security for the loan, without notice of any defect in the judgment quieting the title, and the plaintiff in the action replies to his petition of intervention and alleges that the mortgage includes other lands, and asks that the mortgagee be required to subject the other lands to his mortgage before subjecting the lands in controversy thereto, the mortgagee is a necessary party to an appeal from a judgment refusing to set aside the former judgment.

(Syllabus by Rosser, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

*Geo. A. Murphey,* for plaintiff in error.

*Chas. F. Runyan, pro se.*

Action by the Boynton Land, Mining & Investment Company against Charles F. Runyan, with Charles L. Torr as intervener. Judgment for defendant, and plaintiff brings error. Dismissed.

Opinion by ROSSER, C.   The plaintiff, Boynton Land, Mining & Investment Company, brought this action against the defendant, Chas. F. Runyan, under the provisions of section 6094, Comp. Laws 1909, to vacate and set aside a judgment after the term at which it was rendered, and for a new trial of the case in which the judgment was rendered.   In the original action the defendant here, Chas. F. Runyan, brought suit in the United States Court for the Western District of the Indian Territory against the plaintiff here, Boynton Land, Mining & Investment Company, and others, to set aside and cancel a conveyance to certain lands and to quiet title thereto in Runyan.   There was a judgment and decree by default against the defendant in that action, the plaintiff here.   After that judgment was rendered, Chas. L. Torr, as guardian of the estate of Sallie Hodges, a minor, loaned to Runyan the sum of $1,600, and Runyan, to secure the payment of the note given for the money, executed a mortgage to the said Torr, as guardian of the estate of Sallie Hodges, upon said lands and other lands.   The loan was made and the mortgage taken in pursuance to an order of the county court of Muskogee county.   Torr filed an answer in this action alleging these facts, and alleging that he took the mortgage without notice of any claim that the judgment which is sought to be vacated here was not valid, or that the title of Runyan was other than a perfect title in fee simple.   He was made a party defendant by order of the court.   The plaintiff in this action filed a reply to the answer of Torr, which prayed that he be required to resort first to the other land described in the mortgage before selling any of the land plaintiff claims to own.   There was a

judgment for the defendants, and the plaintiff has appealed.   The defendant Runyan moves to dismiss, because all interested parties are not made parties to the appeal.   A reversal of the case would affect the interest of the mortgagee, Torr.

The facts of this case are the converse of the facts in *First Nat. Bank of Holdenville v. Jacobs,* 26 Okla. 840, 111 Pac. 303. It was there held that a mortgagor was a necessary party to an appeal where the mortgagee intervener was plaintiff in error. The rule is well settled that all parties to a judgment, whose interests will be affected by the reversal, must be joined either as plaintiffs or defendants in error.   *Merrell v. Walters,* 30 Okla. 173, 119 Pac. 1122; *John v. Paullin,* 24 Okla. 636, 104 Pac. 365; *Jones v. Balsley & Rogers,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921.

The appeal should be dismissed.

By the Court:   It is so ordered.