## MICHAEL v. ISOM *et al.*

No. 5082.    Opinion Filed September 1, 1914.

Rehearing Denied November 10, 1914.

(143 Pac. 1053.)

**APPEAL AND ERROR**—Appeal From Joint Judgment—Necessary Parties—Service of Case-Made. All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs in error or as defendants in error, before such judgment can be reviewed; and where a review of the judgment is sought by means of a petition in error and case-made, service of the case-made within the time prescribed by the statute must be had against all parties who do not join in the appeal as plaintiffs in error, but who are made parties thereto as defendants in error.

(Syllabus by the Court.)

*Error from County Court, Cleveland County;*
*F. B. Swank, Judge.*

Replevin by R. A. Isom against L. B. Higbee, wherein J. M. Michael intervened and was made a party defendant. Judgment for plaintiff, and intervener brings error. Appeal dismissed.

*Warren K. Snyder,* for plaintiff in error.

*Ben. F. Williams* and *Hutchin & Burke,* for defendants in error.

BLEAKMORE, J.   This is an action in replevin instituted in the county court of Cleveland county by the defendant in error, R. A. Isom, as plaintiff, against the defendant in error, L. B. Higbee, as defendant. The plaintiff in error, J. M. Michael, in-

tervened and was made a party defendant. A joint judgment was rendered in favor of the plaintiff below against the defendant L. B. Higbee and the said J. M. Michael. Motion of the said J. M. Michael for a new trial was overruled on the 9th day of December, 1912, and he was allowed an extension of 60 days' time within which to prepare and serve a case-made. Petition in error with case-made attached was filed in this court on the 5th day of May, 1913.

On August 7, 1914, defendants in error, R. A. Isom and L. B. Higbee, filed a motion to dismiss this proceeding upon the ground, among others, that the case-made was not served upon defendant in error Higbee until the 4th day of March, 1913. Attached to the motion to dismiss are the affidavits of defendants in error showing that service of the case-made was accepted by Higbee on the 4th day of March, 1913, after the time for such service extended by the order of the trial court had expired. Service of said motion was had upon plaintiff in error on the 7th day of August, 1914, and no response thereto has been filed.

It has been held by this court that:

"All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs or as defendants in error, before such judgment can be reviewed; and, where the review is sought by means of petition in error and case-made, service of the case-made within the time prescribed by the statute must be had upon all parties against whom the joint judgment is rendered who do not join in the appeal as plaintiffs in error, and who are made parties thereto as defendants in error; and failure to serve the case-made upon such parties will operate to prevent the same from being considered in this court." (*National Surety Co. v. Oklahoma Presb. College for Girls*, 38 Okla. 429, 132 Pac. 652.)

It follows that the appeal must be dismissed; and it is so ordered.

All the Justices concur.