## SYFERT et al. v. MURPHY et al.

No. 6587. Opinion Filed November 10, 1914. Rehearing Denied December 22, 1914.

(144 Pac. 1022.)

APPEAL AND ERROR—Necessary Parties—Dismissal. All persons who were parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment on appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Osage County;*

*R. H. Hudson, Judge.*

Action by Frank J. Murphy and others against W. W. Syfert and others. Judgment for plaintiffs, and defendants bring error. Dismissed.

*Martin & Moss,* for plaintiffs in error.

*Grinstead & Scott,* for defendants in error.

LOOFBOURROW, J. In December, 1909, Frank J. Murphy and others, the owners, entered into a written contract by the terms of which they were to and did convey 240 acres of land in Osage county, Okla., to defendant James E. Hopkins; under this conveyance Hopkins was to plat said lands as a town site and sell the same and pay Murphy and others half of the selling price; the contract was to continue for three years unless forfeited for nonfulfillment of condition. Before this contract was fully carried out Hopkins mortgaged a portion of said property to plaintiff in error White, to secure individual indebtedness of Hopkins; plaintiff in error Syfert brought a suit in the district court against Hopkins and attached a number of the lots in said town site; thereupon Frank J. Murphy and others instituted a suit against Hopkins for a rescission of the contract and against White and Syfert, respectively, for judgment that the mortgage and attachment were not liens on the property in question, because of its trust character. The trial court found in favor of Murphy and others and against both White and Syfert, and also rendered judgment against Hopkins for $1,425; from this judgment plaintiffs in error, Syfert and White appeal, and the defendants in error, Frank J. Murphy and others, have moved to dismiss the same for the reason that James E. Hopkins is a necessary party to this proceeding, and that no summons in error has been served upon him, nor issuance or service thereof waived. To every phase of the controversy Hopkins was a party; he secured the contract from Murphy and others; he was White's mortgagor and Syfert's judgment debtor, and in the trial of the cause became the judgment debtor of Murphy and others. Hopkins is a necessary party, and the motion to dismiss the appeal

must be sustained. See *County Commissioners v. Harvey et al.,* 5 Okla. 468, 49 Pac. 1006; *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642; *Boynton Investment Co. v. Runyan,* 36 Okla. 335, 128 Pac. 1094; *Weisbender v. School District,* 24 Okla. 173, 103 Pac. 639; *John v. Paulin,* 24 Okla. 636, 104 Pac. 365; *Seibert v. First Nat'l. Bank,* 25 Okla. 778, 108 Pac. 628.

The appeal is dismissed.

All the Justices concur.