MOSER *et al.* v. BOARD OF TRUSTEES OF TOWN OF THOMAS.

No. 4709.    Opinion Filed June 15, 1915.

(149 Pac. 1148.)

**APPEAL AND ERROR—Parties—Joint Judgment—Dismissal.** The board of trustees of the town of Thomas filed an application with the board of county commissioners of Custer county asking that certain contiguous territory be annexed to the said town. The Kansas City, Mexico & Orient Railway Company filed its motion, praying that the application be dismissed, setting out as grounds therefor that no notice had been given, as required by law. Another remonstrance to the same effect was filed by other parties. Upon these motions to dismiss being sustained, the town authorities appealed to the superior court. The railway company made

no appearance in that court. At the trial, a joint judgment was entered, ordering that the territory be annexed to the said town as prayed for. From this judgment an appeal was taken by the other remonstrators, but the said railway company did not join in the same. The case-made and summons in error were not served on said railway company, nor waived by them. **Held,** that the judgment was joint, and that the said railway company was a necessary party to the appeal.

(Syllabus by Mathews, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

A petition filed by the Board of Trustees of the Town of Thomas with the county commissioners of Custer county, praying for annexation of certain territory to the town, was dismissed on motions filed by A. L. Moser and others and the Kansas City, Mexico & Orient Railway Company. A joint judgment was entered against remonstrators on appeal to the superior court, and remonstrators other than the railway company bring error. **Dismissed.**

*Darnell & Darnell,* for plaintiffs in error.

*A. J. Welch* and *Carter Smith,* for defendant in error.

Opinion by MATHEWS, C. On the 7th day of November, 1911, the board of trustees of the town of Thomas filed a petition before the board of county commissioners of Custer county, praying for the annexation of certain contiguous territory to the town. On December 12, 1911, the Kansas City, Mexico & Orient Railway Company, through their attorneys, filed an objection to the jurisdiction of the board of county commissioners, alleging that no notice had been given by the petitioners as required by law. The plaintiffs in error also appeared by their attorneys and moved a dismissal of the proceedings upon the same grounds. On the 12th day of December, 1911, the board of county commissioners sustained

48—8

the motions to dismiss, and the board of trustees of the town of Thomas appealed from this action of the county commissioners to the superior court of Custer county. When this cause came on to be heard in the superior court, as far as the record shows, the Kansas City, Mexico & Orient Railway Company made no appearance. The other remonstrators appeared and filed several motions attacking the jurisdiction of the court upon various grounds, which it will not be necessary to set out here, all of these motions being overruled by the court. On the 15th day of March, 1912, a trial was had in the superior court before a jury which returned a verdict against the remonstrators, and a judgment was accordingly entered in conformity therewith. In due time the remonstrators other than the said railway company filed a motion for a new hearing, which was overruled, and they have brought the case here by petition in error and case-made.

The appellee herein has moved to dismiss this appeal for the reason that the Kansas City, Mexico & Orient Railway Company has not been made a party to this appeal. The case-made was not served on said railway company, and neither was it served with summons in error, and it has not joined in the appeal, nor waived service. The record in the case shows that the right of way of the said railway company runs through the territory desired to be annexed to the town of Thomas, and the depot was in this same territory, and if a reversal of the judgment of the trial court would in any way affect the interest of the said railway company, then the motion to dismiss should be sustained. It is apparent at once that its interest will be materially affected. As it made no further protest before the board of county commissioners other than to file the motion to dismiss, and did not

defend in the superior court, it might be that it concluded that it would be to its best interest to be annexed to the town in order to have the benefit of the police protection of the town and street improvements, etc. On the contrary, its interest would be affected by being thus annexed to the town, in that its property would be taxed for the support of the municipal government, and it might be subject to possible police regulations by the town as to running its trains, etc. The judgment entered by the trial court was a joint judgment against all of the parties in the territory which the town authorities asked to be annexed to the town and included the Kansas City, Mexico & Orient Railway Company, and if the said railway company would not consent to join in the appeal, then it should have been made a defendant in error, and served with the case-made and summons in error. It has become the well-settled law of this state that all parties against whom a joint judgment has been rendered, and whose interest will be affected by the reversal of the judgment on appeal, must be made parties to a proceeding in error to review such judgment, and a failure to join any one of them, either as plaintiff or defendants, is grounds for dismissal of the cause. *United States Fidelity & Guaranty Co. v. Ballard,* 44 Okla. 807, 145 Pac. 396; *Michael v. Isom,* 43 Okla. 708, 143 Pac. 1053; *Syfert v. Murphy,* 45 Okla. 137, 144 Pac. 1022; *Vaught v. Miners' Bank,* 27 Okla. 100, 111 Pac. 214; *Burns v. Toney,* 27 Okla. 728, 117 Pac. 209; *Price v. Covington,* 29 Okla. 854, 119 Pac. 626; *Bank v. Mergenthaler,* 31 Okla. 533, 122 Pac. 507; *John v. Paullin,* 24 Okla. 642, 104 Pac. 365.

The plaintiffs in error, in opposition to the motion to dismiss the appeal, advance the proposition that the proceeding to annex territory to a town is, in a manner,

*ex parte* and also *in rem,* and, that being so, that there are no "necessary parties," the law giving to any one interested the individual right to appear and protest, should they so desire, against the annexation. No authorities have been cited to support this contention, and we have been unable to find any ourselves after a long search.

We do not draw the distinction interposed by plaintiffs in error, and are unable to differentiate this kind of case from those which require service of the case-made and summons in error on all parties to a joint judgment who refuse to join in the appeal if their interests will be affected by a reversal of the judgment on appeal.

For these reasons, the appeal should be dismissed.

By the Court: It is so ordered.